SIDNEY W. THAXTER & another vs. EDWARD A. FOSTER.

Suffolk.   November 17, 1890. — January 12, 1891.

Present: FIELD, C. J., W. ALLEN, HOLMES, & MORTON, JJ.

*Sale — Fraud — Rescission — Attaching Creditor.*

If a delivery of goods with the intention of passing the title is induced by fraud, the seller, upon discovering the fraud, may rescind the transaction and recover the goods so far as they can be identified, unless they have passed into the hands of a *bona fide* purchaser for value, without knowledge or notice of the fraud; an attaching creditor merely of the buyer is not such a purchaser.

TORT.   The declaration was in four counts.   The first count was for the conversion of one car-load of corn, containing about seven hundred bushels, and of two and one quarter tons of bran. The second count, which was alleged to be for the same cause of action as the first, was for wrongfully causing the plaintiffs to lose the value of the car-load of corn.   Trial in the Superior Court, before *Hammond*, J., who allowed a bill of exceptions, in substance as follows.

Upon the first count the following facts appeared in evidence, or were admitted.   The plaintiffs agreed to sell the car-load of corn to one Cousins, to be his upon payment, and allowed him to take possession of the corn upon giving his check to the plaintiffs therefor.   When Cousins was allowed to take possession of the corn, the plaintiffs knew that, in the nature of his business, some of it was to be forthwith ground into meal and delivered to customers before it would appear in due course whether the check was good or not.   They deposited the check in their bank, and in due course payment was refused by the bank upon which it was drawn, there being no funds of Cousins to meet the check before or after it was given.   The defendant caused the corn to be attached, in an action brought by him against Cousins, and afterward took an assignment or bill of sale of it from him. Some of the corn was ground before the check was dishonored, and a part or all of the corn came into the possession of the defendant, and was disposed of by him as his own.   The plaintiffs took the check in the regular course of business, and nothing was said to induce them to accept a check instead of cash.

The plaintiffs asked the judge to give, among others, the following instructions: " If the jury find that there was a waiver on account of the representation that the check was good, and it turned out not to be good, then the plaintiffs had the right to rescind the sale and to recover the corn or the value of it, no matter with what purpose the corn was put into possession of Cousins; that the corn came into possession of the defendant, part of it as meal, makes no difference."

The judge refused so to instruct, but instructed the jury, among other things : " If you find that it was the understanding of the parties, not only that Cousins should have the corn as his corn, but that he was to have it for the purpose of grinding it into meal before the check, in the ordinary course of business, would be dishonored, then I instruct you that, as matter of law, the plaintiffs cannot claim this corn, because the agreement that it should be transferred into meal before they, in the usual course of business, would ascertain whether the check would be dishonored or not, is entirely inconsistent with the theory that it was to be their corn until the check was paid, because they could not know."

The jury returned a verdict for the defendant upon the first count; and the plaintiffs alleged exceptions to the above rulings and refusals to rule.

The jury found for the plaintiffs upon the second count, and the bill of exceptions recited that the plaintiffs were dissatisfied with the amount thereof, but did not disclose that they saved any exceptions to any ruling made with respect to it.

*H. F. May & W. Choate*, for the plaintiffs.

*S. Z. Bowman & J. H. Cotton*, (*H. W. B. Cotton* with them,) for the defendant.

FIELD, C. J.   As we understand the bill of exceptions, no exceptions were taken to any rulings or refusals to rule upon any questions of law arising at the trial upon the second count of the declaration.   Whether the second count sets out in any intelligible manner any cause of action, either in contract or in tort, is also a question of law not raised in the Superior Court or in this court.   There is, therefore, no question of law before us relating to the second count.

The first count is in the nature of trover, for the conversion of a car-load of corn containing about seven hundred bushels, and

two and one quarter tons of bran. Nothing is said in the exceptions about the bran. If the sale of the corn by the plaintiffs to Cousins was originally on condition that the title should not pass until the corn was paid for, an unconditional delivery of the corn to Cousins with the intention of passing the title would be a waiver of the condition. *Freeman* v. *Nichols*, 116 Mass. 309. If the delivery was procured by the fraud of Cousins, the plaintiffs on discovering the fraud could rescind the transaction, and reclaim the corn, so far as it could be identified, provided it had not passed into the hands of a *bona fide* purchaser for value, who had no notice or knowledge of the fraud. The fact that the plaintiffs delivered the corn to Cousins with the intention that he should grind it into meal, and sell it to his customers, would not prevent rescission on the ground of fraud, although it might be inconsistent with any theory that the plaintiffs delivered the corn to Cousins on condition that it should not become his property until paid for in money. In the sale and delivery of merchandise procured by fraud, it is generally the intention of the parties that the title pass to the vendee; but because of the fraud, the vendor can, if he chooses, on discovering the fraud, avoid the sale and delivery, notwithstanding this intention, because in the whole transaction he has been deceived by the vendee. The judge who tried the case apparently applied the law relating to a waiver of the condition in the case of a conditional sale arising from the vendor's delivering the merchandise without any condition, to a delivery procured by the fraud of the vendee, without noticing that, by reason of the fraud, the plaintiffs could avoid the effect of such a delivery by rescission. In this, we think, there was error.

The defendant as attaching creditor was not a purchaser for value. Whether he became a *bona fide* purchaser for value, without knowledge of the fraud, by reason of the " assignment or bill of sale," we are unable to determine from the meagre statement of facts contained in the exceptions. The law on this subject has been recently considered in *Goodwin* v. *Massachusetts Loan & Trust Co.* 152 Mass. 189. If the defendant is liable to the plaintiffs in trover, he is of course liable only for the value of the merchandise which came into his possession, and which can be identified as the merchandise, or a part of the merchandise,

sold and delivered to Cousins by the plaintiffs. We do not know from the exceptions whether the meal delivered to the defendant was wholly produced from the corn sold by the plaintiffs, or from that corn interminged with other corn, or whether the meal from that corn had been intermingled with meal produced from other corn, and we do not consider it desirable, on the indefinite statement of facts contained in the exceptions, to attempt now to state the law upon this part of the case.

As the second count is alleged to be for the same cause of action as the first, the verdict on the second count must be set aside, and the exceptions sustained.     *So ordered.*