BENJAMIN H. HOWELL et al., Plaintiffs, *v.* REGINA BERGER et al., Individually and as Administrators, Defendants.

(Supreme Court, New York Special Term, January, 1897.)

1. **Trust — Sale of goods induced by fraud.**

    Plaintiffs, after rescission of the contract under which their property was acquired by the fraud of the vendee, can successfully follow and reclaim it in equity in the hands of the vendee's administrators, subject to the limitations that it must appear they have no adequate remedy at law, as in case of insolvency or dispersion or other cause, and also that the proceeds of the property be clearly identified.

2. **Same — Restriction of recovery.**

    In such a case recovery is restricted to the property and proceeds in possession of the defendant at the commencement of the action and identified with certainty.

ACTION to impress a trust upon the estate of the decedent in behalf of plaintiffs for the purchase price of goods obtained from them by decedent by false representations as to his financial condition.

George E. Blackwell, for plaintiffs.

Joseph I. Green, for defendants, as administrators.

Henry M. Powell, for defendants, individually.

BEACH, J.   It appears from the evidence that on or about February 12, 1895, the defendants' intestate, Adolph Berger, then carrying on business, desiring to purchase merchandise of the plaintiffs, gave to them, as an inducement to making sales, a signed statement in detail of his financial condition, wherein he promised to give plaintiffs immediate notice of any change, lessening responsibility or materially changing his condition.   The statement was to stand good until notice was given.   His total liabilities were therein stated to be $2,000 and assets $15,500.   The said Adolph Berger subsequently made purchases of the plaintiffs, some of the goods having been delivered to him.   Other deliveries were made by Berger's order to third parties, some just prior to, and some subsequent to and in ignorance of his death, which occurred

September 18, 1895. Letters of administration were issued to defendants September 27, 1895. This action was begun November 1, 1895, to impress with a trust whatever merchandise and whatever proceeds thereof which the defendants received after the death of the intestate and held by them when the action was brought.

It appears that the inventory of the estate made under administration showed assets of $2,280, while claims proven amounted to something over $2,700. The insolvency of the estate is a fair conclusion from the proofs, and the written statement made to plaintiffs by the intestate was false and fraudulent. No notice of change in financial condition having been given by him to the plaintiffs, the assertions in the statement hold good from its date to his death. Reliant thereon, the plaintiffs undoubtedly made the sales. The point made regarding proof wanting of the contents of the notice served on defendants does not affect the plaintiffs' rights under the evidence. The practical effect of a notice is only to prevent those upon whom it may be served from disposing of the claimed property or assets in hand. The plaintiffs here must be restricted in recovery to the property or assets shown to have been received by the defendants, and held at the time when the action was begun.

The principle of equity supporting plaintiffs' contention is authoritatively stated by the same learned judge of the Court of Appeals in the cases of American Sugar Refining Co. v. Fancher, 145 N. Y. 552; Matter of Cavin v. Gleason, 105 id. 256. The plaintiffs, after rescission of the contract whereunder their property was acquired by the fraud of the vendee, can successfully follow and reclaim it in equity, subject to the limitations that it must appear they have no adequate remedy at law, as in case of insolvency, or dispersion or other cause, and also that the proceeds of the property be clearly identified. The estate is shown insolvent, and the merchandise has been dispersed. Their only available remedy was through this action. The extent of relief to which they are entitled depends upon the amount of proceeds of their property shown by the proofs to have been received by the defendants, and not paid out by them in accordance with legal rule and in good faith, before this action was brought.

The proceeds of deliveries of merchandise to third persons, by intestate's directions, between the latter part of August and of September, 1895, are shown to have been received by the defend-

ants to the amount of $2,429.16, and in their hands when action was brought. In regard to deliveries of merchandise made to intestate shortly before his death, and on September 13, 1895, while there can be but little doubt that the goods or proceeds came to the possession of defendants, yet the proof lacks the certainty in identification which the rule requires.

The payments made by the defendants for funeral expenses, monument, attorneys' and auctioneer's fees are not shown to have been made in good faith and from the proceeds of plaintiffs' property, and, therefore, cannot be allowed; presumably those claims were paid from other moneys belonging to the estate.

Decree ordered for the plaintiffs, to conform with the conclusions above expressed.

Ordered accordingly.