ATLAS SHOE COMPANY *vs.* HENRI P. BECHARD.

102    197
e103   460
103   462

Androscoggin.    Opinion December 10, 1906.

*Sales.    Fraud.    False and fraudulent representations.    Rescission.    Trover.*

Any vendor induced by false and fraudulent representations to sell goods upon credit, upon discovering the fraud, may rescind the sale and maintain trover for the goods so obtained.

When at the time of the purchase of the goods there is an intent never to pay for them, the sale may be avoided for fraud, although no false and fraudulent representations are made. When such representations are made, the vendor, who relying upon them parts with his property, may equally rescind, although there was at the time of the sale a bona fide intention to pay at some future time.

If a person states of his own knowledge material facts which are susceptible of knowledge, and the statement is made with an intent that another party shall act upon it, or in such a manner as would naturally induce him to act upon it, the statement so made, if false, is fraudulent both in morals and law.

In the sale and delivery of merchandise procured by fraud, it is generally the intention of the parties that the title pass to the vendee ; but because of the fraud the vendee can, if he chooses, on discovering the fraud, avoid the sale and delivery and revest the title in himself notwithstanding this intention.

A vendee, for the purpose of obtaining a line of credit, made a written statement of his assets and liabilities, and agreed that it might be considered as a continuing and new and original statement upon each and every purchase of goods thereafter until he advised the vendor in writing to the contrary. The statement, though true when first made, afterwards became false and its falsity was or ought to have been within the knowledge of the vendee. No notice was given to the vendor and he, relying upon the statement as true, sold goods to the vendee after such statement had become materially and essentially false.

*Held:* That the vendor might rescind such sales and maintain trover against the vendee's common law assignee for such of the goods so sold as the assignee had in his possession and refused to deliver to the vendor.

On exceptions by plaintiff.    Sustained.    Judgment for plaintiff.

Trover for the conversion of certain goods sold and delivered by

the plaintiff to the firm of Fortier & Marcotte, of Lewiston.

The declaration in the plaintiff's writ is as follows :

"In a plea of the case, for that the said plaintiff, at said Lewiston, to wit, at said Auburn, on the twenty-seventh day of December, A. D. 1905, being possessed as of its own proper goods, of boots and shoes, according to the bill hereto attached, marked "A", and of the value set opposite each item, and all of the value of twenty-two hundred and eighty-three dollars and forty-five cents ($2283.45) as shown by said bill, thereafterwards, to wit, on the same day, lost the same, which thereafterwards, to wit, on the same day, came to the possession of the defendant by finding ; Yet the defendant, knowing the same to be the property of the plaintiff, has not delivered the same to the plaintiff, though requested, but then and there converted the same to his own use, to the damage of the plaintiff (as it says) in the sum of four thousand dollars ($4000)." (Bill of items marked "A" omitted in this report.)

Plea, the general issue with brief statment as follows : "That Messrs. Fortier & Marcotte of Lewiston, were the owners of a portion of the goods mentioned in the plaintiff's writ and not the plaintiff, and that in December, 1905 and before the suing out of the writ in this action, the said Fortier & Marcotte made a common law assignment for the benefit of their creditors to this defendant and that in his said capacity as such assignee, he had in his lawful possession some of the goods that said Fortier & Marcotte had purchased of the Atlas Shoe Company and which they owned at the date of said assignment to this defendant and that subsequently to said suit herein as such assignee the defendant herein turned over to the Receiver in Bankruptcy proceedings instituted against the said Fortier & Marcotte a portion of the goods sued herein under the direction and order of the Judge of the United States Court for the District of Maine."

Tried at the April term, 1906, of the Supreme Judicial Court, Androscoggin County.   At the conclusion of the plaintiff's testimony the presiding Justice ordered a nonsuit.   The plaintiff excepted.   It was then agreed that if the Law Court should decide that the nonsuit was improperly ordered then that Court should "have jury

power to decide the question of liability and the amount of damages that this plaintiff is entitled to recover and shall order judgment for that amount."

The case is fully stated in the opinion.

*Oakes, Pulsifer & Ludden,* for plaintiff.

*H. P. Bechard and McGillicudy & Morey,* for defendant.

SITTING: WHITEHOUSE, SAVAGE, POWERS, PEABODY, SPEAR, JJ.

POWERS, J. Trover for the conversion of certain goods sold and delivered by the plaintiff to the firm of Fortier & Marcotte. At the close of plaintiff's evidence the presiding Justice directed a nonsuit. The plaintiff excepted ; and it is agreed that, if the nonsuit was not properly ordered, the court shall determine the amount of damages which the plaintiff is entitled to recover and order judgment therefor.

January 20, 1904, Mr. Fortier of the firm of Fortier & Marcotte went to the place of business of the plaintiff, and for the purpose of obtaining of it a line of credit for his firm, in its behalf made and delivered to the plaintiff the following written statement:

"Statement made this 20th day of January, 1904.

To the Atlas Shoe Co., Boston, Mass., by E. J. Fortier of the firm of Fortier & Marcotte, Town of Lewiston, County of Androscoggin, State of Maine, which firm is composed of the following persons: E. J. Fortier and A. R. Marcotte.

ASSETS.

| | | |
|---|---:|---:|
| Cash value of stock in store at above named town | 4000 | |
| Cash on hand in bank | 1000 | |
| Total assets | —— | 5000 |

LIABILITIES.

| | | |
|---|---:|---:|
| Owe for merchandise on open account | | |
| Owe in notes or acceptances given for merchandise | 3070 | |
| Owe for borrowed money | nothing | |
| Chattel mortgage on stock of merchandise | none | |
| Total liabilities | —— | 3070 |

The above is a true and accurate statement of all our assets and

liabilities, and is presented to the Atlas Shoe Co., as a basis for credit. This statement may be considered by the Atlas Shoe Co., a continuing statement of our affairs, and a new and original statement of our assets and liabilities upon each and every purchase of goods from them hereafter until we advise them in writing to the contrary.

                                        FORTIER & MARCOTTE.

Signed by E. J. FORTIER,
        A member of the firm."

Thereafterwards the plaintiff furnished goods on credit to Fortier & Marcotte from April, 1904, to March 7, 1905, inclusive which were settled and paid for in full on March 17, 1905. From March 16, to Dec. 13, 1905, the plaintiff continued to furnish them goods on credit to the amount of $2283.45 and received payments on account of the same aggregating $1130.65 leaving a balance due of $1152.80. Applying the payments to the oldest items of indebtedness, as the parties themselves made no application of them, would still leave unpaid for all goods sold from and including May 10 to Dec. 13, 1905. Dec. 26, 1905, Fortier & Marcotte made a common law assignment for the benefit of their creditors to the defendant of all their stock in trade, including the goods purchased of the plaintiff which they had not disposed of in the regular course of business, and the same was taken possession of by the defendant. The next day, the plaintiff's agent, Mr. Murray, called at the store of Fortier & Marcotte, where the defendant was engaged in taking an account of the stock, and demanded of him the goods sold by the plaintiff still remaining in the stock. The defendant did not deliver them, but told Murray he could not allow him to remain in the store. The writ is dated Dec. 28, 1905, and is for all goods sold to Fortier & Marcotte by the plaintiff after the settlement in March previous. January 25, 1906, Fortier & Marcotte went into bankruptcy, and their schedules showed assets $3132.65, debts $6492.74. Among the latter was $200 in notes given for money borrowed of Delina Marcotte and Casimir Marcotte January 27, 1905.

It is conceded that the title to the goods passed to Fortier & Marcotte and that the representations contained in the statement of January 20, 1904, were true on that date. No notice of any change

in their financial condition was ever given to the plaintiff by Fortier & Marcotte. The plaintiff claims to rescind the sales, so far as relates to all goods sold on and after May 10, 1905, on the ground that such sales were induced by the fraudulent representations of the vendees as to material facts effecting their credit. Their right to do so depends in the first place upon the construction to be given to the statement of January 20. That instrument should have the construction placed upon it and the force and effect given to it which the parties themselves intended it should have at the time it was executed. There was evidence that the statement was made in order to get "a line of credit." That means credit for more than one transaction. It reaches forward in point of time and covers future transactions between the parties until a different arrangement is made. Such is the language of the statement itself. It recites that it is presented to the plaintiff the vendor as a basis for credit, and that it may be considered by it as a continuing statement of the vendees' affairs, "and a new and original statement of our assets and liabilities upon each and every purchase of goods from them (it) hereafter until we advise them in writing to the contrary." This is something more than a representation true at the time and a mere failure to notify of a change of conditions. Such a representation may be relied upon only for a reasonable time. It is here expressly agreed that it may be considered a continuing statement and a new and original statement upon each and every purchase of goods. That can mean nothing less than that it is to have the same force and effect "as a basis for credit" that it would have if it accompanied each order of goods and was made as of the date of said order. The intention of the parties is apparent and unmistakable that the plaintiff might rely upon it the same when the last as when the first goods were sold. The uncontradicted evidence is that it did rely upon it in selling the goods upon credit and that no notice not to do so was ever given it by Fortier & Marcotte. The fact that the statement, when originally made, was true cannot determine the plaintiff's rights in regard to goods afterwards sold in reliance upon it when no longer true. The plain intention was that it should continue to be true, and that the plaintiff might consider it as a new and

an original statement and one made upon each and every purchase of goods.   Language clearer than that used cannot be devised to express that intention.   If through any change of conditions Fortier & Marcotte owed more or owned less than therein stated, from that moment as to all sales of goods made while such change continued it became a false statement made at the time of such sales.   There is no claim that they did not comprehend or remember its tenor and effect, and the uncontradicted evidence is that it was fully understood by Mr. Fortier at the time he signed it.   The plaintiff in view of the purpose for which the statement was originally made and the language used might well rely upon its truth as reiterated upon every subsequent purchase.   What difference can there be between a statement like this, and a case where a purchaser makes representations, true at the time, as to his property and financial standing for the purpose of obtaining credit, and obtains goods upon them; and when he wants more goods orally states to the seller that his condition is the same as when he made his previous statement?   The last statement adopts the former one as of the time when the last one is made.   If it is false and fraudulent as applied to the facts then existing and goods are sold upon the strength of it, we know of no case which has held that the seller's rights as to the last goods sold were affected by the fact that the statement when first made was true. The commercial transactions of mankind are largely based upon the faith given to representations of fact affecting their financial responsibility, made for the purpose of obtaining credit in their business dealings.   In order that they may so continue it is necessary that such representations should be interpreted according to the plain intention of the parties at the time.   The defendant is not an innocent purchaser.   He is a common law assignee, Fortier & Marcotte under another name, with no other or greater rights in the goods purchased by them than they themselves had ; and we see no reason in law or justice why the paper which they signed should not be interpreted and given the force and effect which they in it said they intended it should have.   Certainly with that statement in its possession the plaintiff had a right to regard it as true unless advised to the contrary.

The representations made were of material facts and were relied upon by the plaintiff. If false and fraudulent the plaintiff had a right to rescind the sales which were induced by such representations. Fortier & Marcotte were out of business after Dec. 26, 1905, and their bankruptcy schedules show that in January following they were owing $6492.74, more than double the amount represented, while their assets had shrunk nearly $1900. They represented that their assets exceeded their liabilities nearly $2000. The fact was that their liabilities exceeded their assets more than $3300. No explanation is offered to show that this was a sudden change due to some particular loss or transaction, and the irresistible inference is that it must have come about gradually in the course of their business. The testimony showed that Fortier & Marcotte purchased their goods for their fall trade in the summer. A jury might properly find that for many months certainly as far back as September 1st, 1905, there was an actual and material difference between their indebtedness for merchandise as stated and as it actually existed. Moreover from January 20, 1905, they were owing $200 for borrowed money and their statement was that they owed none. Fraud is nearly always a matter of inference from circumstances. Where a person states of his own knowledge material facts which are susceptible of knowledge, and the statement is made with an intent that another party should act upon it, or in such a manner as would naturally induce him to act upon it, the statement so made, if false, is fraudulent both in morals and law. *Wheelden* v. *Lowell,* 50 Maine, 505; *Braley* v. *Powers,* 92 Maine, 203; *Cole* v. *Cassidy,* 138 Mass. 437; *Mooney* v. *Davis,* 75 Mich. 188; Benjamin on Sales, 7th Ed., American note on page 469.

Any one induced by false and fraudulent representations to sell goods upon credit, upon discovering the fraud may rescind the sale and maintain trover for the goods so obtained. 14 A. & E. Encycl. L., 2 Ed. 165; 24 idem, 1099; *Hall* v. *Gilmore,* 40 Maine, 578; *Ayers* v. *Hewett,* 19 Maine, 281. When at the time of the purchase of the goods there is an intent never to pay for them, the sale may be avoided for fraud although no false and fraudulent representations are made by the purchaser. *Burrill* v. *Stevens,* 73 Maine, 395.

When such representations are made, the vendor, who relying upon them parts with his property, may equally rescind, although there was at the time of the sale a bona fide intention to pay at some future time.   *Reid* v. *Cowduroy*, 18 Am. St. R. 359, and note ; *Judd* v. *Weber*, 55 Conn. 267.   The decision of the case at bar does not depend upon whether the property passed to the vendees, for that is admitted, or whether the goods were purchased with an intent to pay for them at some future date, or never to pay for them.   It depends upon whether the plaintiff was induced to part with its property upon the false and fraudulent representations of the buyer as to his ability to pay and means of payment, such as false statements as to his debts and assets.   If it was, the right of the plaintiff to rescind the sale, revest the property in itself and maintain trover therefor cannot be denied.   " In the sale and delivery of merchandise procured by fraud, it is generally the intention of the parties that the title pass to the vendee ; but because of the fraud the vendor can, if he chooses, on discovering the fraud, avoid the sale and delivery, notwithstanding this intention, because in the whole transaction he has been deceived by the vendee."   *Thaxter* v. *Foster*, 153 Mass. 151.   Construing the statement made on January 20, 1904, as a continuing representation, renewed upon the occasion of each and every purchase of goods, as it was the intention of the parties to it that it should be regarded and considered, there was evidence in support of every proposition necessary for the plaintiff to establish to entitle it to recover for all goods sold since Sept. 1, 1905, and in the defendant's hands at the time of the demand.   *Ayers* v. *Hewitt*, supra ; *Ingersoll* v. *Barker*, 21 Maine, 474.

It was early held in this State that to entitle the seller to vacate the sale and reclaim the goods on the ground of fraud, it is not necessary that the fraudulent representations be made at the time of the sale, but it is sufficient if the goods be obtained by means of false and fraudulent representations, though they were made on a previous occasion.   *Seaver* v. *Dingley*, 4 Maine, 306.   The case at bar is stronger than that, even considered simply as a representation made January 20, 1904, upon which the seller might rely for a reasonable time.   The arrangement that it should be a continuing representation,

to be considered as renewed on the occasion of each purchase until notice from the buyer to the contrary, must make a reasonable time include all time until the seller had notice from the vendee or some other source of facts which should put him on his guard against relying longer upon it.    Up to that point there is the direct connection between the representation made and the credit given, which must always appear in order that the vendor may avoid a sale on the ground of false and fraudulent representations.

The evidence should have been submitted to the jury, and it is agreed that in that event the court shall assess the damages for the plaintiff.    There is evidence tending to show that at the time the demand was made, the defendant had in his possession goods to the amount of $181 which had been purchased of the plaintiff by Fortier & Marcotte since Sept. 1st, 1905.

*Exceptions sustained.*

*Judgment for the plaintiff for $181 and*
*interest thereon from Dec. 26, 1905.*