McAULIFFE AND BURKE COMPANY *vs.* HENRY G. GALLAGHER.

Suffolk.    November 16, 1926. — January 7, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Replevin.    Sale,* Lien of vendor, Rescission for fraud.

A merchant, who had made a contract in writing with the builder of a house to furnish him plumbing fixtures, showed the contract to a corporation which thereupon agreed to sell the fixtures to the merchant and the merchant agreed to buy them from it at a price less than the builder agreed to pay the merchant. Later, upon the corporation's refusing to give further credit to the merchant, the builder communicated to the corporation that if the goods were sent to the builder he would "see that the money was there for the goods when they arrived." When the goods arrived, the money was not present, and the builder asked the corporation's representative to take a check. Upon assurance given by the builder's brother-in-law that the check was "as good as gold," the goods were left in the builder's possession, where, in an action by a creditor against the builder upon a claim for goods previously furnished, they were attached before they were annexed to the real estate. The corporation replevied the goods from the attaching officer. It appeared that the builder was a "straw man" for his brother-in-law and that they were in collusion to defraud various men who supplied material for the building which was under construction. The merchant did not participate in the fraud of the builder. *Held,* that

(1) No title nor right to possession of the fixtures passed from the corporation to the builder;

(2) The corporation, having refused to deliver the goods to the merchant or to the builder, had a lien on them and the right to possession until payment of the agreed price, which continued after delivery of the possession to the builder if such transfer was unlawfully obtained by the merchant or by his agent;

(3) Whether the merchant did or did not ratify the fraud of the builder which gave him possession of the goods, the corporation had a lien which was good against the merchant and against persons other than purchasers for value without notice;

(4) The attaching creditor of the builder was not a purchaser for value without notice;

(5) The action of replevin could be maintained.

REPLEVIN of certain plumbing fixtures in the possession of the defendant, a deputy sheriff who had seized them "by way of attachment in an action of contract brought by Swift McNutt Company, a corporation, against Levine and Gorelich, a partnership doing business as The Unit Garage Construction Company." Writ dated September 18, 1922.

The action was heard in the Superior Court by *Greenhalge*, J., without a jury. Material facts are stated in the opinion. The judge found and ordered judgment for the defendant, and reported the action to this court for determination.

*R. L. Mapplebeck*, for the plaintiff.

*J. W. Burke*, for the defendant, submitted a brief.

PIERCE, J. This is an action of replevin pending in the Superior Court. A judge of that court found and ordered judgment for the defendant, and reported the case to this court using the form of words which follow: "I report the case and if judgment should be entered for the plaintiff judgment is to be so entered, and if not my order for judgment for the defendant is to stand."

The facts disclosed by the report in substance are as follows: Levine and Gorelich, a copartnership, building a house in Boston, entered into a written contract with one McGee for the purchase and sale of the plumbing fixtures sought to be replevied, and certain other plumbing fixtures not involved in these proceedings. McGee exhibited to the plaintiff his contract with the partnership, and agreed with the plaintiff to buy and the plaintiff agreed to sell the fixtures described in that contract. About a week prior to August 10, 1922, the plaintiff refused to advance any more credit to McGee, and Levine, over the telephone, had a conversation with the sales manager of the plaintiff to the effect "that if he would send the goods he, Levine, would see that the money was there for the goods when they arrived." On August 10, 1922, Levine telephoned the plaintiff that "the money was out there waiting." Thereupon the plaintiff sent the goods to the premises in a truck, with instructions to the driver not to unload until he got the money. The sales manager, finally, went to the premises and, finding no money

ready, ordered the truck, which had been partly unloaded, to be reloaded. Levine asked him to take a check and referred him to one Steinberg, who declared, with respect to the check of Levine and of Levine himself, "It is as good as gold, he can have anything he wants from my place." The sales manager then took the check. No funds were in the bank on August 10, when the check dated August 12, 1922, was given and no funds were deposited on or before August 12 to meet the check.

On August 14, 1922, an entry was made in the usual course of business billing fixtures to McGee at the agreed contract price, and the charge was entered in the plaintiff's books of record in the account of McGee. The agreement for the sale of the fixtures by McGee to Levine and Gorelich was for a larger sum than McGee was to pay the plaintiff for the same fixtures. On September 26, 1922, the plumbing fixtures were taken in this action of replevin, and on November 9, 1922, were credited on the plaintiff's books to McGee's account.

Levine was a "straw man" for Steinberg, who was his brother-in-law; and they were in collusion to defraud various men who supplied material for the building which was under construction. The judge "found and ruled that the plaintiff was induced to deliver the goods in question to McGee by the fraudulent representations of Levine, a third party, and that McGee did not participate in such false representations or, so far as appears in evidence, know that they were false or authorize Levine to make them, and . . . rule [d] that the fraud of a third party which induced the plaintiff to make the transfer does not give the plaintiff the right to rescind as against McGee at the time of the attachment [in an action of contract brought by Swift-McNutt Company against Levine and Gorelich] by virtue of which the defendant [a deputy sheriff] was holding possession when the goods were replevined."

It is plain on the above facts that no title nor right to possession of the fixtures passed from the plaintiff to Levine and Gorelich. Such rights, if any, as the firm had when the goods were seized on the writ of attachment, were derived from an

assumed transfer of the title of the plaintiff to McGee, and in turn from McGee to the firm. The plaintiff refused to deliver the goods to McGee, or to the firm which had agreed to purchase them from McGee, and consequently had a lien on them and the right to possession until payment of the agreed price. G. L. c. 106, § 43. And this lien continued after delivery of the possession to Levine, if such transfer was unlawfully obtained by McGee or by his agent. G. L. c. 106, § 45 (b). 2 Williston on Sales, § 511. *Ames* v. *Moir*, 130 Ill. 582. See *C. H. Allyn & Co.* v. *P. J. Willis & Bro.* 65 Texas, 65. The title and possession of McGee, if we assume such passed by the delivery of the goods to Levine on Steinberg's fraudulent representation that the check "is as good as gold," were unlawfully obtained through Levine's pretending and assuming to give the worthless check in payment of the price of the goods to be paid by McGee.

In a word, Levine assumed to act for McGee in making the payment and in receiving possession of the goods. If McGee did not ratify the act of Levine, the plaintiff still has a legal lien; and if he did, he, as principal, is liable for the fraud of his agent, and the plaintiff has a lien which is good against McGee, and against all persons other than purchasers for value without notice. *Combs* v. *Scott*, 12 Allen, 493. *O'Donnell* v. *Clinton*, 145 Mass. 461, 464. *Atlantic Cotton Mills* v. *Indian Orchard Mills*, 147 Mass. 268. *New England Dredging Co.* v. *Rockport Granite Co.* 149 Mass. 381, 382. Finally, a creditor attaching the property in the possession of Levine and Gorelich for a preëxisting debt is not a purchaser for value. 2 Williston on Sales, § 620. *Buffington* v. *Gerrish*, 15 Mass. 156. *Clark* v. *Flint*, 22 Pick. 231, 243. *Bussing* v. *Rice*, 2 Cush. 48, 49. *Wiggin* v. *Day*, 9 Gray, 97, 98. *Atwood* v. *Dearborn*, 1 Allen, 483. *Thaxter* v. *Foster*, 153 Mass. 151.

It results, in accordance with the terms of the report, that judgment is to be entered for the plaintiff for $1.

*So ordered.*