SHORT AND WALLS LUMBER COMPANY, a Corporation of the State of Delaware, v. FLORENCE W. BLOME, now or formerly trading as Wright Lumber Company.

(*March* 3, 1950.)

TERRY, J., sitting.

*Harry Hoch* and *Phillip Cohen* for plaintiff.

*James R. Morford* (of the firm of Morford, Bennethum, Marvel and Cooch) for defendant.

Superior Court for New Castle County, No. 36, Civil Action, 1949.

TERRY, J.:

This is a civil action brought by Short & Walls Lumber Co., a corporation of the State of Delaware, plaintiff, against Florence M. Blome, now or formerly trading as Wright Lumber Co., defendant, for the unlawful conversion of certain building materials of the value of $3058.55. The cause is before me on motions for summary judgments as filed by the respective parties.

The complaint alleges—

"On or about July 23rd, 24th and 26th, 1948, the defendant converted to her own use quantites of lumber of the size, character and description set forth in Exhibit 'A' attached hereto of the value of $3058.55, the property of the plaintiff."

## "EXHIBIT A"

Short and Walls Lumber Company
Middletown, Delaware

To   Mr. Elihu Sapp
     Cheswold, Delaware

|  |  |  |  | Charges | Balance |
|---|---|---|---|---|---|
| 7-23-48 | (C17215)  16  Pcs.  2x8x16 Fir. | 342 | 12½ | 42.75 | |
| | 1 Pc. 2x8x14 Fir   19 | | 12½ | 2.38 | |
| | 109 Pcs. 2x8x12 Fir 1744 | | 12½ | 218.00 | |
| | 66 Pcs. 2x6x12 Fir 792 | | 12½ | 99.00 | |
| | 36 Pcs. 2x8x18 Fir 864 | | 13 | 112.32 | |
| | (C17211) 5202 Bd. Ft. 1 x 6 N. C. Roofers | | 11½ | 598.23 | 1072.68 |
| 7-24-48 | (C17233) 200 Pcs. 2x4x18 Fir  S4S | 2400 | 13 | 312.00 | |
| | 126 Pcs. 2x4x16 Fir S4S | 1344 | 12½ | 168.00 | |
| | 6 Pcs. 2x4x12 Fir S4S | 48 | 12½ | 6.00 | |
| | 24 Pcs. 2x4x14 Fir S4S | 224 | 12½ | 28.00 | 1586.68 |
| 7-26-48 | (C17254) 3230 Bd. Ft. ½x6 Red Bev. Siding | | 22 | 710.60 | |
| | 82 Pcs. 2x4x16 Fir S2S | 875 | 12½ | 109.38 | |
| | 600 Lin. Ft. 1x6 Y. P. B. & Btr. S4S | | 27½ | 82.50 | |
| | 600 Lin. Ft. 1⅜ W. P. Base Mldg. | | 7L | 42.00 | |
| | 600 Lin. Ft. ¾ W. P. Qtr. Round | | 3L | 18.00 | |
| | 1100 Bd. Ft. 1x6 N. C. | | | | |

| | | | |
|---|---|---|---|
| Roofers | | 11½ | 126.50 |
| 2 Pcs. 1x8x12 Y. P. B. & Btr. S4S | 16 | 27½ | 4.40 |
| 2 Pcs. 1x8x14 Y. P. B. & Btr. S4S | 19 | 27½ | 5.23 |
| 18 Sqs. Asphalt Shingles Sq. Butt Green | 6.82 | | 122.76 |
| 1002 Bd. Ft. 1x3 Y. P. Flg. B & Btr. | 25 | 250.50 | 3058.55 |

I certify to the correctness of this copy of
the statement.

/S/ Edward Sapp"

The defendant's answer denies the allegations of the complaint. The factual contentions as developed from the pleadings, affidavits and admissions are: The plaintiff contends that Edward Sapp personally appeared at its place of business, falsely impersonated himself to be Elihu Sapp, and stated that he desired to purchase certain building materials for the construction of a building to be located near Bishop's Corner in Kent County; that by reason of the misrepresentation relating to his identity the plaintiff sold and delivered to Edward Sapp the building materials set forth in Exhibit "A" amounting to $3058.55; that Edward Sapp subsequently sold and delivered the materials to the defendant for the total sum of $1355.53; that the defendant paid Edward Sapp for the materials listed under the three invoices in Exhibit "A" as follows:

By check dated 7/24, $301.20
By check dated 7/26, $671.09
By check dated 7/27, $383.24

The plaintiff further contends that the defendant had knowledge of the manner in which Sapp obtained the building materials from it which he in turn sold to her; that in fact she sug-

gested to Sapp that he go to the plaintiff and obtain the same; that he would not get into difficulty in so doing, for the reason that the materials could not be later identified as they were being sold by her and used in the construction of new homes.

The defendant denies that she purchased the building materials set forth in Exhibit "A" of the complaint between the dates of July 23rd to July 28th, 1948, or at any other date, either from the plaintiff or from Elihu Sapp. She concedes, however, the possibility but cannot admit or deny the fact that she may have purchased some part of said building materials from another person. She contends that she did purchase building materials from Edward Sapp on or about July 24th, July 26th and July 27th, 1948, but is unable to identify any of the materials so purchased as being included in Exhibit "A" of the complaint, for the reason that she has no written record of the details of such purchases, no independent recollection or information with respect thereto, as said purchases were not marked in any way to indicate that they or any part thereof came from the plaintiff or from Elihu Sapp; that, if any of the building materials so purchased by her from Edward Sapp on the dates indicated were sold by the plaintiff to or for the account of Elihu Sapp, as shown under Exhibit "A", defendant did not at the time and does not now have knowledge of such a sale; that she has no knowledge of any dealings between Edward Sapp and the plaintiff or any supposed representation made by him to the plaintiff, or of the authority or lack of authority of Edward Sapp to purchase materials in the name or on the credit of Elihu Sapp; that she at all times believed that Edward Sapp had the legal right to sell and dispose of the materials, for the reason that he stated to her that the materials came from his warehouse in Dover, or were purchased by him from the Island Lumber Company, Mardela Springs, Maryland, and at no time did she have any reason to believe or understand to the contrary.

The contentions of the parties insofar as their separate applications are concerned are—

The plaintiff contends (a) that no title passed at all from the plaintiff to Edward Sapp; (b) that if title did pass it was voidable only and subject to be avoided by the plaintiff prior to any subsequent sale of said materials; (c) that if Sapp acquired a voidable title and such was not avoided prior to the time that he sold the materials to the defendant, then the defendant acquired a good title only in the event she purchased the materials in good faith for value and without notice of Sapp's defective title; (d) that no genuine issue as to any material fact is involved.

The defendant contends (a) that an absolute title passed to Sapp by reason of the sale and delivery of the materials by the plaintiff to him; (b) that if the title that passed from the plaintiff to Sapp should be held to be voidable and was not avoided prior to the purchase of the materials from Sapp by the defendant, then the defendant's title is good as against the plaintiff; (c) that in any event, if the original sale be held to be voidable, the title of the defendant must be held to be good as against the plaintiff if it be found that her purchase from Sapp was made in good faith for value and without notice of Sapp's defective title; (d) that genuine issues as to material facts prevail, such as the good faith of the defendant, the adequacy of consideration and the defendant's notice, if any, of Sapp's defective title; (e) that the plaintiff cannot maintain her action in trover.

In the present case Sapp appeared personally before the plaintiff representing himself to be another person, and purchased on credit from the plaintiff the building materials in question. Such a sale is not void; rather, it is voidable only, since the plaintiff cannot have supposed that he was selling to anyone other than Sapp who was present, and it would seem to follow, since

the original sale was not avoided prior to the defendant's purchase of the materials from Sapp, that she acquired by reason of her purchase a good title to the materials, provided, of course that she purchased them in good faith for value and without notice of Sapp's defective title. Sales Contracts, Section 53, Chp. 173, Rev. Code of Del. 1935, §6003; 46 Am. Jur. Page 642; *Edmunds* v. *Merchants' Dispatch Transportation Co.,* 135 *Mass.* 283.

This case is distinguishable from those cases where the buyer represents himself to be the agent of another whose representation and credit is known to the seller, or where the buyer conducts the transactions by mail and not in person representing, by use of a letterhead, that he is a particular person or company or agent thereof. In such cases the sales are held to be absolutely void, for the reason that there is no meeting of the minds of the parties and thus a bona fide purchaser from such an imposter would acquire no title as against an original seller. 46 Am. Jur., Par. 476, P. 642; *Cuddy* v. *Lindsay L. R.,* 3 *App., Cas.* 459; 6 *Eng. Rul. Cas.* 211; *Moody* v. *Blake,* 117 *Mass.* 23, 19 *Am. Rep.* 394.

■ We are unable to accept the plaintiff's theory that the facts in this case irresistibly show that the defendant did not buy in good faith or for value, and that she had knowledge of Sapp's defective title; rather, we find genuine issues concerning these facts, which must be reconciled or determined under the preponderance of the evidence rule by a jury at the Bar of the Court.

■ We further think that the plaintiff may maintain its action in trover, as anyone induced by fase and fraudulent representations to sell goods upon credit may, upon discovering the fraud, rescind the sale and maintain trover for the goods so obtained. Williston on Sales, 1948, Vol. 3, Sec. 567; *Atlas Shoe*

*Co.* v. *Bechard,* 102 *Me.* 197, 66 *A.* 390, 10 *L. R. A.* (*N. S.*) 245 ; *Traywick* v. *Keeble,* 93 *Ala.* 498, 8 *So.* 573.

Concluding as we have, that Sapp's title was voidable only, it necessarily follows, since his title was not avoided prior to the sale and delivery of the materials by him to the defendant, that she acquired by reason of her purchase a valid title to said materials, provided, of course, that she purchased them in good faith, for value, and without notice of Sapp's defective title.

The motion of each party for a summary judgment is denied.

A pre-trial conference will be held, at which time the issues to be tried by the jury will be determined in the light of what we have previously indicated herein.