## In re BARRAGER.

### (District Court, N. D. Iowa, W. D.   November 1, 1911.)

#### No. 1,000.

1. BANKRUPTCY (§ 413*)—DISCHARGE—OBJECTIONS—FILING—TIME.
   General bankruptcy order 12 (3) provides that applications for a bankrupt's discharge should be heard and decided by the judge, but he may refer the application to the referee to ascertain and report the facts. Order 32 declares that a creditor opposing the application shall enter his appearance on the day when creditors are required to show cause and shall file a specification in writing of the grounds of his opposition within 10 days thereafter, unless the time shall be enlarged by special order of the judge.  Held, that any creditor desiring to oppose a bankrupt's discharge is entitled to the entire day on which the creditors are required to show cause why the discharge should not be granted in which to enter their appearance and opposition and 10 days thereafter in which to file specifications of opposition.
   [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 413.*]

2. BANKRUPTCY (§ 405*)—DISCHARGE—OPPOSITION—CREDITORS.
   Where certain persons were named on the bankrupt's schedules as creditors, that fact constituted prima facie evidence that they were creditors and entitled to oppose the granting of a discharge, though they had not filed or made formal proof of their claims.
   [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 405.*]

In Bankruptcy.  In the matter of bankruptcy proceedings by Emory L. Barrager.  On petition of C. E. Miller and the Central Life Assurance Society of Des Moines, Iowa, creditors of bankrupt, to review an order of the referee refusing to permit them to enter an appearance in opposition and to file specifications of objection to the bankrupt's discharge.  Order reversed.

G. A. Gibson, for petitioners.
Yeaman & Smith, for bankrupt.

REED, District Judge.  On August 14, 1911, within one year after the adjudication in bankruptcy, the bankrupt filed with the clerk a petition for discharge, which under the local rules was forthwith sent to the referee, and was received by him the next day, August 15th. Thereupon the referee, after reciting the filing of the petition and the receipt thereof by him, made and entered of record an order as follows:

"It is therefore ordered that a hearing be had thereon (the petition for discharge) before the undersigned referee of said court in bankruptcy in his

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

office in Sheldon, Iowa, in said district, on the 16th day of September at 9 o'clock a. m., 1911, and that notice of said hearing be given creditors and all other persons in interest, postage prepaid, that they may appear against said petition and show cause if any they have why the petition should not be granted."

Notice was accordingly given by the referee to the creditors of said estate by mail, and on September 16, 1911, at 9:25 o'clock a. m., C. E. Miller and the Central Life Assurance Society of Des Moines, creditors of said estate, appeared by Attorney G. A. Gibson before the referee and offered to file objections to the petition for discharge, but was refused by the referee the right to do so, because it was after 9 o'clock a. m., and that under the order made by him the time within which creditors or other persons in interest might appear in opposition to the discharge or file objections thereto expired at that hour, and that he (the referee) had no jurisdiction or authority to permit an appearance, or the filing of objections in opposition to the discharge thereafter. The referee thereupon returned the petition for discharge to the clerk with a certificate that no appearance had been entered in opposition to the discharge, or objections filed thereto; and said creditors by their attorney then presented to the judge a paper denominated a "petition for review" of said order of the referee, in which the facts above stated are shown by the affidavits of Miller and Gibson; and the record of the proceedings before the referee, and it is asked that the order of the referee be vacated and said creditors permitted to enter an appearance in opposition to the petition for discharge and file specifications of their grounds of opposition thereto.

The so-called "petition for review" may be treated as an application to the judge by said creditors to set aside the order of the referee and permit them to enter their appearance in opposition to the petition for discharge and to file specifications of their grounds of opposition thereto.

Section 14b of the bankruptcy act provides:

"The judge shall hear the application for a discharge, and such proofs and pleas as may be made in opposition thereto by parties in interest, at such time as will give parties in interest a reasonable opportunity to be fully heard, and investigate the merits of the application and discharge the applicant unless he has committed" (some of the acts specified in said section which shall defeat his right to a discharge). Act July 1, 1898, c. 541, 30 Stat. 550 (U. S. Comp. St. 1901, p. 3427).

Local rule No. 11 in bankruptcy in this district is as follows:

"Applications for discharge on behalf of bankrupts shall be filed with the clerk of the District Court, and shall be forthwith sent to the referee before whom the case is pending. Upon receiving the application for discharge, the referee shall forthwith notify the creditors by mail of the filing of the application and that if they purpose to show cause against such application an appearance in opposition must be entered in writing before the referee, on or before the time fixed in such notice, and notice of the time thus fixed shall be mailed or be given in person to the bankrupt by the referee, and the bankrupt shall attend before the referee at the time thus fixed, if so ordered by the judge or referee. * * *

"If an appearance in opposition is filed by one or more of the creditors, or persons in interest, the referee shall retain the matter until the expiration of ten days allowed for filing a specification of the grounds of opposition, and at the expiration of that time shall send to the clerk the applica-

tion for the discharge and the specifications of the grounds of opposition thereto, with his certificate showing the action taken before him. If specifications of grounds of opposition to the discharge are filed before the referee the judge, upon the filing of the same and the certificate of the referee with the clerk, will fix the time and place for hearing the issues thus presented, and prescribe the notice to be given of such hearing. * * *

"If no opposition to the application for a discharge is filed before the referee, or if filed, no specification in support thereof is filed within the ten days allowed therefor, the application will be for hearing by the judge without further notice to the parties."

The general orders in bankruptcy provide:

"12 (3). Applications for a discharge * * * shall be heard and decided by the judge. But he may refer such an application, or any specified issue arising thereon, to the referee to ascertain and report the facts."

"32. A creditor opposing the application of a bankrupt for his discharge * * * shall enter his appearance in opposition thereto on the day when the creditors are required to show cause, and shall file a specification in writing of the grounds of his opposition within ten days thereafter, unless the time shall be enlarged by special order of the judge." 89 Fed. vii, xiii, 32 C. C. A. xvi, xxxi.

General order 32 therefore gives to any creditor who desires to oppose the bankrupt's discharge the entire day upon which the creditors are required to show cause why the discharge should not be granted in which to enter their appearance in opposition thereto, and 10 days thereafter in which to file a specification of their grounds of opposition to the discharge. In matters pertaining to the discharge the authority of the referee is thus limited by the local rules, and both he and the judge by the general orders.

[1] It appears from the petition filed in behalf of the creditors that their attorney appeared before the referee at 9:25 o'clock a. m. of the day that they were required to show cause, which was 25 minutes after the hour upon which they were required by the referee to appear. But the referee could not rightly thus limit the time of their appearance, and they should have been permitted to enter their appearance in opposition to the discharge at any time (during the business hours at least) on the 16th day of September and to file their specifications of grounds of opposition thereto within 10 days thereafter. If the judge or referee might require them to appear at a particular hour of the day on which they are required to show cause, it would be too strict a rule to adjudge them in default if they should fail to appear upon the minute specified, but did appear within a few minutes thereafter. The referee therefore erred in denying these creditors the right to enter their appearance on the day fixed for them to show cause, and to file specifications of their objections to the discharge within 10 days thereafter.

[2] Some question is made that these creditors, or one of them at least, had not properly proved his or its debt against the bankrupt estate, and for this reason was not entitled to enter an appearance in opposition, or to file objections, to the discharge. But the bankrupt's schedules show that the persons named were listed by him as two of his creditors. This is prima facie evidence at least that they are creditors, and though they may not have made a formal, or even any, proof

of their claims, they would as creditors be entitled to oppose the granting of the discharge. Section 1 (9), Bankruptcy Act; In re Jehu (D. C.) 94 Fed. 638; In re Walker (D. C.) 96 Fed. 550; In re Kuffler (D. C.) 153 Fed. 667, 668; In re Rose (D. C.) 163 Fed. 636; In re Samuelsohn et al. (D. C.) 174 Fed. 911.

Some other questions are raised by papers filed in the case which it is unnecessary to consider.

The order of the referee is set aside, and the clerk will return the petition for discharge to the referee, and these creditors or either of them may appear in person or by their attorney, within two days thereafter, enter an appearance in writing, before the referee in opposition to the petition for discharge, and within ten days thereafter file with the referee written specifications of grounds of opposition thereto, which specifications must conform to the requirements of the bankruptcy law and the local rules of this district in bankruptcy, and the matter will then take its regular course under the rules. The clerk will send this order to the referee and notify by mail the attorneys of the parties thereof.

It is ordered accordingly.