GERDES, TRUSTEE IN BANKRUPTCY OF LUST-GARTEN, BANKRUPT, *v.* LUSTGARTEN.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE SECOND CIRCUIT.

No. 70. Submitted October 13, 1924.—Decided November 24, 1924.

1. Under the provision of § 14b of the Bankruptcy Act denying a discharge to a bankrupt who has "obtained money or property on credit upon a materially false statement in writing made by him to any person . . . for the purpose of obtaining credit from such person," the vice inherent in the original falsity of a statement is not remedied by lapse of time; and if the creditor extend credit upon such a statement while it is still in force and binding upon the bankrupt, within the time in which the bankrupt intended it should serve that end, it does not lie in the bankrupt's mouth to say that, by reason of extrinsic circumstances, the creditor was not justified in relying upon it. P. 326.

2. Under § 14b of the Bankruptcy Act, to withhold discharge from a bankrupt upon the ground that he failed to keep books of ac-

count, etc., with intent to conceal his financial condition, this intent must be shown. P. 327.

3. Upon review of a bankruptcy case wherein decision of the law involved left the outcome dependent upon questions of fact which had not been determined by either the referee or the District Court or the Circuit Court of Appeals, *held* appropriate that the case be remanded to the District Court, although this Court could determine the questions itself from an examination of the testimony, or remand to the Circuit Court of Appeals. P. 327.

289 Fed. 481, reversed.

CERTIORARI to a judgment of the Circuit Court of Appeals which reversed an order of the District Court refusing a discharge in bankruptcy.

*Mr. Moses Cohen* for petitioner.

*Mr. Laurence J. Bershad* for respondent.

MR. JUSTICE SANFORD delivered the opinion of the Court.

Lustgarten, the respondent, was adjudged bankrupt in an involuntary proceeding in the Southern District of New York. He duly filed an application for discharge. Two creditors filed objections, specifying four grounds of opposition,[1] which were referred to the referee.[2] Thereupon an order was made directing the trustee to prosecute the specifications at the expense of the estate.

Only two of them are here involved: one alleging that Lustgarten had failed to keep proper books of account, and the other, that he had obtained credit from the Corn Exchange Bank, an objecting creditor, upon a false statement in writing.

Section 14b of the Bankruptcy Act, as amended by the Act of June 25, 1910, c. 412, 36 Stat. 838, provides that the judge, on hearing a bankrupt's application for discharge

---

[1] Gen. Ord. No. 32.          [2] Gen. Ord. No. 12, cl. 3.

and the pleas and proofs made in opposition thereto, shall " discharge the applicant unless he has . . . (2) with intent to conceal his financial condition . . . failed to keep books of account or records from which such condition might be ascertained; or (3) obtained money or property on credit upon a materially false statement in writing, made by him to any person or his representative for the purpose of obtaining credit from such person . . ."

No evidence was introduced before the referee under the specification of opposition relating to the books of account. As to the obtaining of credit, it was shown that on January 5, 1920, Lustgarten gave the Bank a signed statement setting forth his financial condition on December 15, 1919, and showing a net worth of more than $58,000. This statement recited that it was made " for the purpose of obtaining loans," and stated that: " This statement is to be regarded by Abraham Lustgarten and by The Corn Exchange Bank as continuous and binding, and to form a true statement as to the assets and liabilities of the undersigned, and other matters, to be relied upon by The Corn Exchange Bank upon application by the undersigned, for all loans until another statement in writing shall be substituted for this, or this statement recalled. . . . And further, whenever my financial condition is changed materially from the financial condition shown in the above statement, I agree to notify the said Bank at once of such change, whether applications for further loans are made or not." There was conflicting evidence as to whether or not the statement as to Lustgarten's financial condition was materially false. In October and November, 1920, and February, 1921, the Bank, on his applications, made him three loans, aggregating $11,000. He had meanwhile given the Bank no notice of any change in his financial condition; and there was no evidence that it had in fact substantially changed.

The referee reported that, without deciding the "difficult" question of fact whether Lustgarten's statement to the Bank was false when given, and assuming that the Bank had relied upon it in extending the credits, he was of opinion that it had no right so to do, since in view of the financial depression prevailing in 1920, the "reasonable time" for which the statement remained a "continuing statement" had expired when the credits were extended; and he recommended that the discharge be granted.

The District Court, at a hearing on the referee's report—apparently assuming, but not deciding, that the financial statement was false and that the Bank had relied upon it—held that as the statement was a continuing one and provided for notice of any material changes, the Bank had a right to rely upon it until such notice was given. The court also considered the specification relating to the books of account,[3] and upon the evidence that had been taken before the referee upon a closely related specification not here involved,[4] held that the fact that the books did not show an indebtedness which Lustgarten claimed to have owed his nephew, constituted a failure to keep proper books and that the intent to conceal his financial condition was reasonably to be inferred. The discharge was accordingly denied.

On an appeal by Lustgarten from this order, the Circuit Court of Appeals—without passing upon the question whether the financial statement was false, and expressing doubt whether on the testimony it could be said that the Bank had relied upon it—held that, in any event, on account of the lapse of time between the making of the statement and the obtaining of the loans and the general

[3] No reason was stated for considering this specification, which, apparently, had not been relied on before the referee.

[4] The referee had found that this other specification was not sustained by the proof; and it was disregarded by the District Court.

financial conditions then prevailing, the Bank "was not justified in relying upon the statement," [5] And on the testimony relating to the books of account, the court found that the failure to make entries showing the indebtedness to Lustgarten's nephew was due to inadvertent and faulty bookkeeping and "not to any intent to conceal financial conditions." The order of the District Court was accordingly reversed, with instructions to grant the discharge. 289 Fed. 481. Thereafter this writ of certiorari was granted the trustee. 262 U. S. 741.

1. On the question of the continuing effect of a false financial statement, there is a conflict of opinion between the Circuit Court of Appeals for the Second Circuit and those for the Third and Fifth Circuits. In *Ragan* v. *Cotton* (5th Circ.), 200 Fed. 546, 550, it was held that where a bankrupt had made a false financial statement for the purpose of obtaining credit, which provided that it should be binding for continuing credit unless changed, and a creditor had relied upon such false statement in extending credits for purchases made from nine to twelve months thereafter, the discharge should be denied. And in *Haimowich* v. *Mandel,* (3rd Circ.), 243 Fed. 338, 342, it was held that where a bankrupt had made a false financial statement as a basis for obtaining credit, and seven months thereafter, within the time in which the bankrupt "intended the statement to serve that end," creditors had been induced by its falsity to extend credit to him, the discharge was barred. There the court said that the test whether a false statement given upon one date and acted upon at a later date, operates as a bar to a discharge, is "whether at that time the false statement was still in force and binding upon the bankrupt, to be determined

---

[5] In thus holding the Circuit Court of Appeals followed its earlier ruling in *Re B. & R. Glove Corporation*, 279 Fed. 372, involving the right of a creditor to reclaim property sold a bankrupt on the faith of a continuing financial statement.

according as it is found that the sale on credit was or was not the proximate result of the statement . . . and that its original falsity was or was not the thing that worked the mischief."

We think that these two cases embody, in substance, the rule that should be here applied. Under the Bankruptcy Act the discharge is to be denied if it is shown that the bankrupt " obtained money or property on credit upon a materially false statement in writing, made by him . . . for the purpose of obtaining credit." The only essentials to the statutory bar, in so far as relates to the present question, are: (a) that the written statement was made for the purpose of obtaining credit; (b) that it was materially false; and (c) that the credit was obtained upon it. If these are established the vice inherent in the original falsity of the statement is not remedied by the lapse of time; and if the creditor extends credit upon such a false statement while it is still in force and binding upon the bankrupt, within the time in which he intended it should serve that end, it does not lie in his mouth to say that by reason of extrinsic circumstances the creditor was not justified in relying upon it. In short, the lapse of time is only material in determining whether credit was extended within the period intended, while the statement was still binding on the bankrupt, and whether the creditor in fact extended the credit upon the faith of the statement. Here Lustgarten's statement expressly recited that it was made " for the purpose of obtaining loans " from the Bank, and that it should be regarded by himself and the Bank as " continuous and binding " and relied on by the Bank " for all loans " until changed or recalled. Lustgarten applied for the loans in question without either changing or recalling the statement. And it is entirely clear that the loans were made while the statement was still binding upon him and serving the end which he intended, as shown both by its

plain and unambiguous provisions and by his own conduct in pursuance thereof.

We therefore conclude that the Circuit Court of Appeals was in error in holding that, irrespective of the questions of the falsity of the statement and the reliance of the Bank upon it, the discharge should be granted upon the theory that the Bank was not justified in relying upon it when the credits were extended; and that if the statement when made was materially false and the Bank made the loans in reliance upon it, the discharge should have been denied.

2. An examination of the evidence in reference to the books of account discloses no error in the finding of the Circuit Court of Appeals that Lustgarten's failure to make the entries of the indebtedness to his nephew was not due to any intent to conceal his financial condition; and, on the contrary, leads us to the conclusion that this finding is in accordance with the greater weight of the evidence. Under the Bankruptcy Act, however, such intent must be shown in order to bar the discharge.

3. The question then arises as to what disposition we should now make of the case. The material questions of fact in reference to the financial statement, upon which the decision must ultimately depend, have not as yet been determined in the courts below. They were not decided by the referee who heard the testimony; they were apparently assumed by the District Court; and they were not passed upon by the Circuit Court of Appeals on account of its ruling in reference to the lapse of time. We may now either determine these questions upon an independent examination of the testimony, or remand the case for further proceedings in order that they may be determined in the lower courts. *Cole* v. *Ralph,* 252 U. S. 286, 290. If they had been specifically decided by the District Court and only the Circuit Court of Appeals had failed to pass upon them, an appropriate course would be

to remand the case to the Circuit Court of Appeals. *Lutcher Lumber Co.* v. *Knight,* 217 U. S. 257, 268; *Brown* v. *Fletcher,* 237 U. S. 583, 588. But since they were not expressly decided by the District Court, we conclude that, under all the circumstances, we should take the course adopted in *Marconi Wireless Co.* v. *Simon,* 246 U. S. 46, 57, that is, reverse the decrees in both the courts below and remand the case to the District Court. If it be determined that the financial statement was materially false and that the Bank made the loans in reliance upon it, the discharge should be denied; otherwise it should be granted.

The decrees of the District Court and of the Circuit Court of Appeals are accordingly reversed, and the cause is remanded to the District Court for further proceedings in accordance with this opinion.

*Reversed and remanded.*