## In re WOLFF.

(District Court, D. Minnesota, Second Division. March 4, 1926.)

No. 2053.

1. **Bankruptcy** ⬤➡405.

Bank, named as creditor, in bankrupt's schedule, could object to discharge, though it had not proved claim in bankruptcy proceeding.

2. **Bankruptcy** ⬤➡407(5).

Obtaining renewal of notes by means of false financial statement is obtaining of property or money authorizing refusal of discharge.

3. **Bankruptcy** ⬤➡ 414(1)—Creditor objecting to discharge must prove that bankrupt obtained money or property on credit by materially false written statement, made to obtain credit and relied on by creditor.

Burden was on creditor objecting to discharge to prove that bankrupt obtained money or property on credit by materially false written statement, made to creditor for purpose of obtaining credit and relied on by creditor when parting with its property.

4. **Bankruptcy** ⬤➡414(3)—Denial of discharge held warranted by discrepancies between facts and bankrupt's financial statement to bank and his testimony as to his understanding that it was to be basis of renewal of notes.

Great discrepancies between facts and bankrupt's financial statement to bank and his testimony clearly indicating that he understood that statement was to be basis of renewal of his notes by bank *held* to warrant denial of discharge.

In Bankruptcy. Application by Paul Wolff for discharge in bankruptcy, to which the First National Bank of Lamberton filed objections. Special master's report recommending denial of discharge confirmed.

O. J. Finstad, of Windom, Minn., and C. J. Laurisch, of Mankato, Minn., for bankrupt.

Moonan & Moonan, of Waseca, Minn., for objecting creditor.

JOHN B. SANBORN, District Judge. This cause came on to be heard at a special term of this court at the city of Minneapolis, Minn., on the 27th day of February, 1926, upon the report of the special master. Pur-

suant to a stipulation entered into between O. J. Finstad and C. J. Laurisch, attorneys for the bankrupt, and Moonan & Moonan, attorneys for the First National Bank of Lamberton, the objecting creditor, the case was submitted upon briefs.

Objections were filed to the granting of the bankrupt's application for a discharge from his debts by the First National Bank of Lamberton. Horace W. Roberts was appointed by the court as special master to take the testimony upon the issues raised by the objections, and the matter was heard before him at Mankato on January 3, 1925. Thereafter and on the 28th day of January, 1926, he filed his report, recommending that the discharge of the bankrupt be denied. The specifications of objections charged, in substance, that the bankrupt on October 8, 1923, obtained from the First National Bank of Lamberton money and credit by a materially false statement in writing, made to it for the purpose of obtaining credit, which he knew to be false and untrue, and which statement was relied upon by the bank in extending credit to him.

It appears from the evidence that on the 8th day of October, 1923, he gave to the bank a financial statement which was made out by the cashier of the bank, and was signed by the bankrupt. In this statement he represented that he owed the First State Bank of Lamberton $9,000, when in fact he owed but $15,000, and he also represented that he had no other debts, when in fact he did have other debts to a large amount. At the time he gave this statement he was indebted to the First National Bank upon notes which he had given it for interest upon other notes not then due, and, after the statement was given, and on October 8, 1923, he gave to the bank his note, payable November 15, 1923, for $198.17 in renewal of the notes given for interest. The testimony of the cashier of the bank is that, in permitting the bankrupt to give the renewal note, he relied upon this financial statement. The bankrupt's testimony, in effect, is that he gave to the bank the best information he had at the time relative to his indebtedness, and that he had no intention of deceiving the bank.

The special master found that the bankrupt did, on the 8th day of October, 1923, make to the objector a financial statement in writing which was materially and intentionally false, and did obtain from the objector an extension of his notes for $198.17, that the objector made such extension in reliance upon such financial statement and without knowledge of its inaccuracy, and that the ob-

jector has a claim provable in bankruptcy against this estate.

The only question is as to whether the findings made by the special master are sustained by the evidence. The bankrupt takes the position that the evidence does not show that the objector has a provable claim. On page 2 of the transcript it appears that, in the petition and schedules in bankruptcy received in evidence, the bankrupt stated that the First National Bank was the same bank that he referred to in the second list of unsecured claims, reciting that he owed that bank $3,884.62.

[1] Objections to the discharge of a bankrupt may be filed by creditors who are named as such in the bankrupt's schedule, although they have not proved their claims in the bankruptcy proceeding. 7 C. J. 369; In re Barrager (D. C.) 191 F. 247. By the bankrupt's own testimony, the objector in this case was a creditor whose debt had been scheduled by him.

[2] The bankrupt also contends that he obtained no property by virtue of this false financial statement. What he obtained was the renewal of his indebtedness. It has been held that obtaining the renewal of a note and an extension of an existing indebtedness is the obtaining of property or money. In re Waite (D. C.) 223 F. 853; Samet v. Bank, 247 F. 669, 159 C. C. A. 571; In re Lundberg (C. C. A.) 272 F. 107.

[3] The burden of proof was upon the objecting creditor to prove that the bankrupt obtained money or property on credit upon a materially false statement, that the statement was in writing, and that it was made to the creditor for the purpose of obtaining credit (Collier on Bankruptcy [13th Ed.] vol. 1, p. 550); also that the creditor relied upon the statement when parting with his property (Gilpin v. Merchants' Nat. Bank, 165 F. 607, 91 C. C. A. 445, 20 L. R. A. [N. S.] 1023; In re Stafford [D. C.] 226 F. 127).

[4] There is no question in this case as to the material falsity of the statement given by the bankrupt. The question as to whether it was knowingly or intentionally false was one upon which the evidence was conflicting and that is also true of the questions as to whether it was made for the purpose of deceiving and whether it did deceive. It would serve no useful purpose to review all of the evidence in the case. The discrepancies between the statement and the facts were so great that it did not seem possible to the special master—and it does not seem possible to the court—that the bankrupt made it ignorantly. His testimony clearly indicates

that he understood it was to be the basis of the renewal of his matured indebtedness to the bank. The conclusion of the special master is entirely justified.

His report is confirmed.