## FIRST NAT. BANK OF BRIDGEWATER, S. D., et al. v. HOFER.

(Circuit Court of Appeals, Eighth Circuit. August 7, 1926.)

No. 7273.

Bankruptcy ⊜407(5)—False statement by bankrupt, upon which he received neither property nor credit, held not ground for refusal of discharge.

A financial statement, made by bankrupt to a bank holding his notes, at the bank's request, though containing false statements of assets and liabilities, is not ground for refusal of his discharge, where he neither asked for nor received further loans or credits.

Appeal from the District Court of the United States for the District of South Dakota; James D. Elliott, Judge.

In the matter of David W. Hofer, bankrupt. From an order granting his discharge, the First National Bank of Bridgewater, S. D., and others appeal. Affirmed.

Corrigan & Walton, of Aberdeen, S. D., and Joe H. Kirby, of Los Angeles, Cal., for appellants.

Van Slyke & Agor, of Aberdeen, S. D., for appellee.

Before SANBORN, Circuit Judge, and WOODROUGH and SCOTT, District Judges.

WOODROUGH, District Judge. The First National Bank of Bridgewater and other creditors of David W. Hofer, bankrupt, objected to discharge in bankruptcy on the ground, amongst others, that the bankrupt obtained property and credit upon a materially false statement in writing made to said bank for the purpose of obtaining credit from it. The objections were overruled by the referee, and on review by the District Judge. The discharge was granted, and upon this appeal it is conceded in the brief of appellant that the only question is whether or not the discharge should be denied on the ground above stated.

The evidence clearly shows that the sworn statement of assets and liabilities, made and signed by the bankrupt and delivered to the bank, did contain materially false statements, but the referee found as follows:

"I find that, at the time of making the two financial statements above referred to, the same were made at the request of the bank, and that, at the time of making same, the bankrupt was not applying for a new loan, and that he did not obtain either property or money from the bank, that at the time of making these statements the bank was the holder of the notes of said bankrupt in a considerable amount that were long past due, and since the making of said statement the bankrupt has not obtained any additional credit money or property from said bank, and that said statements were not made for the purpose of obtaining credit, but were made in compliance with the request of the bank that such property statement was now necessary. It further appears that these statements as prepared by the bank officials were not read by the bankrupt, but that he signed them as prepared and requested so to do by the bank officials."

On review before the District Judge, these findings of the referee were affirmed. The evidence fully sustains the findings, and makes clear that, at the time when the bank officials prepared the property statements and procured the bankrupt to sign it, the bankrupt had no hope or purpose of obtaining any further property or credit from the bank, but the sole purpose on the part of the bankrupt was to comply with the desire of the bank officers to make up a record for their uses. The cases of Samet v. Farmers' & Merchants' National Bank, 247 F. 669, 159 C. C. A. 571, and Gerdes v. Lustgarten, 266 U. S.

321, 45 S. Ct. 107, 69 L. Ed. 309, relied upon by appellant, are clearly distinguishable. In each of these cases the statements were made for the purpose of obtaining additional credit, and additional credit was actually obtained.

It is urged that the bankrupt in this case received back certain promissory notes upon executing renewals, but there is no evidence to show that he did. Having regard to the at least not infrequent practice of banks to withhold old notes after renewals have been substituted, the courts should not indulge any presumption in the matter, even if such old notes could be considered property within the meaning of the statute, which it is not necessary to decide.

The judgment below is affirmed.