## ERICKSON v. BICKNELL.

Circuit Court of Appeals, Eighth Circuit.
October 13, 1928.

No. 8154.

Max Stokes, of Aberdeen, S. D., for appellant.

M. E. Culhane, of Minneapolis, Minn., for appellee.

Before STONE and LEWIS, Circuit Judges, and MARTINEAU, District Judge.

LEWIS, Circuit Judge. Erickson, a retail dealer in farm implements and machinery was adjudged bankrupt in March, 1926. His application for discharge was denied and he appeals from that order. Several objections to discharge were filed by the trustee and sustained. If any one of them is supported by the proof the denial of discharge should be affirmed; so we confine our attention to those pleaded under paragraph b (3), § 14, of the Bankruptcy Act; 11 USCA § 32(b) (3)—obtaining money or property on credit upon a materially false statement in writing made by the bankrupt.

Specification 9 alleges that the bankrupt should not be discharged because on February 6, 1920, he knowingly and intentionally made a materially false statement in writing to Lindsay Brothers Company, a corporation, for the purpose of obtaining credit from said company and said bankrupt did obtain property on credit by reason thereof, in that, relying on said statement and believing it to be true Lindsay Brothers Company sold and delivered to bankrupt goods, wares and merchandise of the agreed and reasonable value of $7,000. Also that said Lindsay Brothers Company, relying upon said statement and believing it to be true, did renew and take new notes and grant extensions of times of payment upon indebtedness then owing to it by the bankrupt. It was further alleged that said statement was false and untrue, in that, the bankrupt therein stated that he owed for merchandise on open account not due, $8,000, when in truth and in fact he owed more than $15,000; in that, the bankrupt therein stated that his stock of merchandise then on hand was of the cash value of $39,957.57, whereas in truth and in fact its cash value did not exceed $20,000; and, in that, he therein stated that he was indebted to merchandise creditors in the sum of $19,516.50, whereas in truth and in fact he was indebted to merchandise creditors in the sum of $25,000 or more.

Specification 10 objected to the discharge of the bankrupt because, as therein alleged, the bankrupt on September 29, 1921, knowingly and intentionally made a materially false statement in writing to Lindsay Brothers Company, a corporation, for the purpose of obtaining property on credit from said company and said bankrupt did obtain property on credit from said Lindsay Brothers Company by reason thereof; that said statement recited on its face that it was for the purpose of obtaining from Lindsay Brothers Co. a line of credit for merchandise purchases or extension upon indebtedness, and the statement was to be the basis of credit until such time as the bankrupt might notify Lindsay Brothers Co. of a change in bankrupt's condition. This latter statement shows that the bankrupt's assets at that time were $261,100 and his liabilities $100,400. Erickson certified over his signature to said statement that he had carefully examined it and that it was a full and correct statement of his financial condition at that time. It was further alleged, and the proof shows without contradiction, that items of indebtedness listed as liabilities were much less than his real indebtedness at that time and that he was indebted to the trade to the amount of many thousand dollars more than the amounts which he stated he owed in that statement. He listed the names of some of his creditors in that statement but he withheld therefrom the names

of many more of his creditors, to each of several of whom he was indebted in large amounts. Counsel for bankrupt in his brief says: "It has been admitted and the bankrupt now admits that the financial statement of September 29, 1921, was literally false in that it did not contain a true account of bankrupt's liabilities due by bankrupt for goods purchased or for borrowed money," but he argues that Lindsay Brothers Co. did not rely on the statement in extending credit.

The proof shows that each of these statements was made for the purpose of obtaining credit and that the last if not the first was materially false. The first one was sent to Lindsay Brothers Co. through the mail, the latter was obtained from the bankrupt at his place of business by an agent of Lindsay Brothers Co. He had been credit and collection manager of the company for twenty years and his company had required statements from Erickson as a basis for the extension of credit to him. The proof is uncontradicted that Lindsay Brothers Co. gave to the bankrupt an extension of time within which to pay his indebtedness to it at the time each statement was made, and thereafter sold him further goods on credit, relying in each instance on the supposed truthfulness of the statements, believing that he had truly stated his assets and liabilities therein. After the first statement was made and up to the time the second one was made Lindsay Brothers Co. sold to bankrupt on credit to the extent of more than $10,000; and after the second one was made it sold to him on credit prior to his failure to the amount of $334. This amount, however, was paid before bankruptcy. Lindsay Brothers Company's agent testified that when these written statements were given by Erickson he was seeking further credit and an extension of time for the payment of his then indebtedness, and the purpose of Lindsay Brothers Co. was to find out how much Erickson owed and whether the company would be justified in granting extensions and in selling Erickson anything more on open account. When the last statement was being made out Erickson called off the items of his resources and liabilities and the agent wrote them down on the statement. When it was finished the agent asked Erickson to read it over and see if it was as he had reported it, Erickson read it all through and then signed it. There is no substantial contradiction of the testimony of Lindsay Brothers Company's agent. An extension of credit on present indebtedness is as much within the prohibition of clause b(3) of section 14 as the procurement of additional cred-

it on the false statement. Morton v. Snider (C. C. A.) 20 F.(2d) 469. In this case the proof is convincing that the bankrupt obtained both, that his written statement of September 29, 1921, was materially false and was made by him for the purpose of obtaining additional credits and extensions of time for payment of his existing indebtedness to Lindsay Brothers Co.

For the reasons stated we have no doubt of the correctness of the court's ruling in denying discharge to the bankrupt.

Affirmed.