## PARRISH v. CITY NAT. BANK OF KEARNEY, NEB.

Circuit Court of Appeals, Eighth Circuit.
May 6, 1929.

No. 8173.

Arthur G. Abbott, of Grand Island, Neb., for appellant.

John A. Miller, of Kearney, Neb. (E. L. Randall, of Kearney, Neb., on the brief), for appellee.

Before VAN VALKENBURGH and BOOTH, Circuit Judges.

BOOTH, Circuit Judge. This is an appeal from an order which affirmed the report of the referee in bankruptcy relative to a discharge of the bankrupt, Frank M. Parrish, and denied such discharge. The appellee, hereafter called the bank, was the objecting creditor.

Among the specifications of objections to the discharge of the bankrupt set up by the bank before the referee, the particular one sustained by him was that the bankrupt had obtained from the bank an extension of credit upon a materially false statement in writing, made to the bank by the bankrupt for that purpose.

The relevant statute is section 14b(3) of the Bankruptcy Act. Prior to the amendment of May 27, 1926, the section read as follows:

"(b) The judge shall hear the application for a discharge and such proofs and pleas as may be made in opposition thereto by the trustee or other parties in interest, at such time as will give the trustee or parties in interest a reasonable opportunity to be fully heard, and investigate the merits of the application and discharge the applicant unless he has * * * (3) obtained money or property on credit upon a materially false statement in writing, made by him to any person or his representative for the purpose of obtaining credit from such person."

The amendment made the section read:

"(b) * * * (3) obtained money or property on credit, or obtained an extension or renewal of credit, by making or publishing, or causing to be made or published, in any manner whatsoever, a materially false statement in writing respecting his financial condition." 11 USCA § 32(b)(3).

Among the undisputed facts are the following: October 28, 1919, the bankrupt executed and delivered to the Skinner Packing Company his promissory note for $5,000 due October 28, 1920. October 31, 1919, the bank purchased the note. It was renewed by the bank on November 23, 1920, by a note which fell due May 23, 1921. Other renewal notes followed; the last one being dated November 17, 1923, which was the note filed in the bankruptcy proceedings. Whether in making these renewals the old notes were in all instances surrendered, the record does not show; but it does appear that in one instance at least the old note was surrendered. In connection with the first renewal note dated November 23, 1920, a written property statement was given by the bankrupt to the bank. The statement was signed by the bankrupt and sworn to by him before a notary public. It contained the following:

"From F. M. Parrish, Address Kearney, Nebr., to The City Nat'l Bank of Kearney, Nebr.

"For the purpose of obtaining loans and discounting paper with you, and otherwise procuring credit from time to time, I furnish you with the following statement and information, which is a true and correct statement of my financial condition on November 23, 1920.

"I agree to and will notify you immediately in writing of any materially unfavorable

change in my financial condition, and in the absence of such notice, or of a new and full written statement, this may be considered as a continuing statement and substantially correct; and it is hereby expressly agreed that upon application for further credit, this statement shall have the same force and effect as if delivered as an original statement of my financial condition at the time such further credit is requested."

The statement contained a list of assets of various kinds amounting in the aggregate to $31,400, and liabilities consisting of the one note at the appellee bank for $5,000, leaving a net worth of $26,400. This property statement was concededly false in material particulars.

Whether the bank believed the property statement to be true, and relied upon the same in making the extension of credit to the bankrupt are questions upon which the evidence taken before the referee is conflicting. Mr. Morris, one of the witnesses, testified that he was president of the bank at the time the first renewal note was given, November 23, 1920, and granted the extension; that the statement was carefully gone over by Mr. Parrish before it was signed by him; that the witness as president of the bank relied upon the statement in extending the credit and believed that it was full, true, and correct; that he did not learn that the statement was untrue until after the last renewal note was given. On the other hand, Mr. Parrish, the bankrupt, testified that at the time he made the property statement he told Mr. Morris that he had nothing in the way of property; that the property which was listed in the statement was located on a ranch and was owned by his father and Mr. Cool; that he (the bankrupt) told Mr. Morris this, and that Mr. Morris said that the statement did not amount to anything but that he wanted it to show to the bank examiner; that he (the bankrupt) signed the statement because he felt that he was helping Mr. Morris out. This testimony of Mr. Parrish was denied by Mr. Morris.

The referee found that the property statement was given by the bankrupt; that the bank relied upon the truth of the statement in making the extension of credit; that the statement was false in material particulars, and that the bankrupt knew that it was false; that the bank was deceived by the statement to its harm and disadvantage. The referee recommended that the discharge of the bankrupt be denied.

The matter came on to be heard by the District Court upon the findings and recommendations of the referee, together with the evidence. The court affirmed the report of the referee and ordered that the discharge be denied. The present appeal followed.

All but two of the assignments of error challenge the sufficiency of the evidence to sustain the findings of fact. We have examined the evidence, and, while there is a sharp conflict in the testimony on several points, yet it has been before two tribunals which have agreed in their findings of fact; and there is substantial evidence to sustain the findings. The well-established rule under such circumstances is that the findings should not be lightly set aside. The findings of fact are accordingly approved and confirmed. Schlafly v. United States, 4 F.(2d) 195 (C. C. A. 8); First National Bank v. Hofer, 14 F.(2d) 523 (C. C. A. 8); Reiss v. Reardon, 18 F.(2d) 200 (C. C. A. 8).

The remaining assignments of error challenge the correctness of the order denying a discharge, on the ground that the evidence shows that no property or credit was obtained on the false property statement, but only an extension of credit; that this was not within the purview of the statute as it read at the time when the various extensions of credit were obtained; and that the amendment of May 27, 1926, is not applicable to transactions had before its date, and especially since the petition for discharge was filed prior to August 27, 1926, the date when that statute went into effect.

This contention of appellant may be open to serious doubt. It is true that the petition for discharge was filed before August 27, 1926, but the hearings before the referee and before the District Court were held after that date. In view of this state of affairs, and especially in view of the provisions of section 18 of the Act of May 27, 1926 (11 USCA § 1, note), we incline to the view that the provisions of that act relating to discharge were applicable to the case at bar. See Royal Indemnity Co. v. Cooper (C. C. A.) 26 F.(2d) 585; Lockhart v. Edel (C. C. A.) 23 F.(2d) 912.

The case of Morton v. Snider, 20 F.(2d) 469 (C. C. A. 8), is not to the contrary. In that case the petition for discharge, the hearing, and the order of discharge were all before the effective date of the Act of May 27, 1926.

However, we do not find it necessary to determine the question whether the Amendatory Act of May 27, 1926, governs the case. This court has held that, even before that amendment took effect, the obtaining an extension of credit was an obtaining of prop-

erty within the meaning of the act. Morton v. Snider, supra; Erickson v. Bicknell (C. C. A.) 28 F.(2d) 729. See, also, In re Wolff (D. C.) 11 F.(2d) 293; In re Waite (D. C.) 223 F. 853.

Several minor matters remain for disposal. Appellant's motion to substitute as appellee M. A. Ross, as receiver of the City National Bank of Kearney, Neb., who was appointed since the commencement of the bankruptcy proceedings, but before the making of the order denying a discharge, is denied, as substitution is unnecessary.

The appellant's suggestion of a diminution of the record with motion to amend, we find to be without merit, and the same is denied.

Appellant's motion for leave to file newly discovered evidence is also denied.

We conclude that the order denying the discharge was right and it is affirmed.