## In re EASTHAM.

### No. 1179.

District Court, S. D. Texas, at Houston.
July 8, 1931.

See also (D. C.) 32 F.(2d) 717.

Sharp & Gray, of Ennis, Tex., for bankrupt.

HUTCHESON, Circuit Judge.

The bankrupt having duly made his application for discharge, creditors the City Investment Company, Citizens' State Bank of Houston, Huntsville State Bank, and Gibbs Bros. & Co. filed specifications in objection thereto.

The specifications of the City Investment Company alleged the making of false statements for the purpose of securing, and the securing thereon of, advances of money to the bankrupt. These statements were alleged to have been made on March 16, 1925, January 7, 1926, and January 22, 1924. It was alleged as to them that the statements were false as to the amount of liabilities and as to the existence of incumbrances. The specifications alleged that moneys had been advanced by the Second National Bank on the faith of these statements, and that the creditor City Investment Company was the owner of the notes representing said advances.

The creditor citizens' State Bank alleged the loaning to the bankrupt of $6,500 upon the faith of false representations in a statement made by the bankrupt on March 31, 1924; that said statement fraudulently overvalued the assets, fraudulently overstated the amount of land owned, and fraudulently understated the liabilities. This creditor also adopted the specifications of the City Investment Company and in additional specifications charged that the bankrupt had fraudulently transferred some of his property with intent to delay his creditors, and that he had failed to keep books of account.

The Huntsville State Bank and Gibbs Bros. filed specifications adopting the specifications of the City Investment Company and Citizens' State Bank.

In limine, the bankrupt makes the claim that the section of the statute invoked by the creditors, the making of false statements, is available only to the creditor advancing money on the faith of it, and that if sustained, operates not generally to prevent discharge as to all creditors, but only specifically as to the creditor defrauded. This is not the law.

The statute denouncing the obtaining of money, property, or credit upon a materially false statement in writing made for the purpose of obtaining credit operates generally and completely to prevent the discharge of any person so offending. Gerdes v. Lustgarten, 266 U. S. 321, 45 S. Ct. 107, 69 L. Ed. 309; Morimura, Arai & Co. v. Taback, 279 U. S. 24, 49 S. Ct. 212, 73 L. Ed. 586; Levy v. Industrial Corporation, 276 U. S. 281, 48 S. Ct. 298, 72 L. Ed. 572.

The referee correctly determined the specification as to the failure to keep books in favor of the bankrupt. Gerdes v. Lustgarten, 266 U. S. 321, 45 S. Ct. 107, 69 L. Ed. 309; Stanley v. Neiderhauser (C. C. A.) 45 F.(2d) 489, 17 A. B. R. (N. S.) 23. He also ruled correctly in denying the specification charging fraudulent transfer of property.

It remains only to inquire whether the specifications relating to the false statements are sustained by facts which prevent the bankrupt's discharge.

The referee considered in detail the specifications of the creditors. The specifications filed by the Citizens' State Bank of Houston he specifically sustained. He made no recommendation upon the specifications of the City Investment Company. I have carefully considered the referee's conclusions in the light of the record, and concur in them; but I further find that the statements made in 1925 and 1926, especially that made in 1926 to the Second National Bank for the purpose of in-

ducing loans to the bankrupt, were false within the meaning of the Bankruptcy Act (11 USCA) not only in the matter of the failure to state the existing encumbrances, but in the great understatement of liabilities.

The argument is made that the statements were made merely carelessly and not with bad intent, and that therefore a finding of fraudulent purpose cannot be sustained.

It may well be that when these statements were made there was no dark or evil purpose to defraud clearly outlined in the heart and mind of the bankrupt. It may be, in fact no doubt is, true that the bankrupt believed when he got the credit and signed the notes that he would be able to pay them, but the presence of that purpose in the mind of the debtor does not in any way change the fact, if it be a fact, that he has deliberately misstated his assets or his liabilities in order to secure credit, or the result of that fact. The law requires that in such cases he share with his creditors the knowledge of his condition which he has and the purpose which is his. If his bargain is made in reliance, not upon the value of assets, but upon a purpose to repay, the creditors should know this is what they in turn must rely upon. If this is fairly disclosed, no fraud exists.

If, on the other hand, though the purpose be to pay, the money is secured not upon a statement of that purpose, but upon a showing of assets which the bankrupt does not have, or of a net worth which because of hidden liabilities does not in fact exist, and this showing is deliberately made for the purpose of obtaining credit, in law and in fact the bankrupt has made a false statement which, if money or goods were advanced on the faith of it, will deny his discharge.

The long business record of the bankrupt does not indicate that it was his deliberate purpose and intent to fraudulently swindle his creditors out of the moneys advanced. On the other hand, his secret dealings with one of the members of his family in the matter of discharging his debts, the undisclosed borrowings from others of them, the tremendous overinflation of his assets matched only by the equally great deflation in statement of his liabilities, leave no room for doubt that with a recklessness and disregard for the essential truth of the facts, which brings the case directly within the mischief the statute aimed at, the bankrupt made false statements for the purpose of obtaining, and on which he obtained credit, and that no other just result can under the statute follow this showing except a denial of his discharge.

Let an order be accordingly prepared.