## KELLY v. CENTRAL HANOVER BANK & TRUST CO. et al.

### BIGELOW v. KELLY et al., and five other cases.

### Nos. 444–449.

Circuit Court of Appeals, Second Circuit.

July 13, 1936.

Curtis, Mallet-Prevost, Colt & Mosle, of New York City, and White & Hawxhurst and Jacobson, Merrick, Nierman & Silbert, all of Chicago, Ill. (Henry A. Stickney and Eugene W. Goodwillie, both of New York City, and Roger Q. White, Lewis F. Jacobson, and Arthur Altschul, all of Chicago, Ill., of counsel), for complainant Celia Kelly.

Rosenthal, Hamill & Wormser, of Chicago, Ill., and Hines, Rearick, Dorr & Hammond, of New York City (Charles H. Hamill, of Chicago, Ill., Goldthwaite H. Dorr and William B. Hubbell, both of New York City, and Edmund O. Belsheim, of Chicago, Ill., of counsel), for cross-complainant appellant Harry A. Bigelow, as Trustee, etc.

Chadbourne, Stanchfield & Levy, of New York City (George W. Whiteside, Louis G. Bissell, W. Hugh Peal, and Ralph D. Ray, all of New York City, of counsel), for defendant-appellee, Commercial National Bank & Trust Co.

Davies, Auerbach & Cornell, of New York City (Edward Cornell, Martin A. Schenck, and Orrin G. Judd, all of New York City, of counsel), for Irving Trust Co.

Davis, Polk, Wardwell, Gardiner & Reed, of New York City (John W. Davis, Porter R. Chandler, and Judson C. McLester, Jr., all of New York City, of counsel), for Guaranty Trust Co.

Larkin, Rathbone & Perry, of New York City (John M. Perry, Hersey Egginton, Donald C. Muhleman, and Hovey C. Clark, all of New York City, of counsel), for Central Hanover Bank & Trust Co.

White & Case, of New York City (Vermont Hatch and Adrian L. Foley, both of New York City, of counsel), for Bankers Trust Co.

Samuel A. & Leonard B. Ettelson, of Chicago, Ill., for Advance Corporation and others.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM.

Insull Utility Investments, Inc. (hereafter I. U. I.), issued two sets of debentures in 1929 and 1930. The first issue, for $6,000,000, contained a negative pledge clause; the second issue contained the negative pledge clause and the so-called 50 per cent. clause, both quoted in the margin.* Notwithstanding these clauses, I. U. I. borrowed sums of money of which a total of $15,500,000 is still outstanding, from the appellee banks, and pledged stocks as security for these loans. None of this collateral has been sold.

A debenture bondholder, Kelly, brought a representative suit against all the lenders jointly and against each bank individually, praying that the pledgees be ordered to surrender the property pledged and that she be decreed to have a superior lien on such pledged property. The trustee in bankruptcy of I. U. I. filed a cross-bill against Kelly and the lender pledgees, asking a decree that the pledged securities be surrendered to him, or that the highest market price since the transfer be paid to him. Both Kelly and the trustee charged the lenders knew, when they made the loans and took the pledges, that the debentures were outstanding, that they contained restrictive covenants on the power of the I. U. I. to borrow and pledge, and that the covenants were being violated by the loans made. Their theory continues in common that a debenture holder would have been able to enjoin these loans if he had knowledge of them, at the time they were made, since his remedy at law was inadequate. The present suits are based on the claim, "that, having the right to enjoin, a debenture holder would have the right as against those who had acted with notice in an appropriate proceeding to have the loans and pledges set aside after consummation." The trustee further asserts that the intervening bankruptcy of I. U. I. vested this right in him.

The dismissal of the suits by the court below was primarily based on a determination that a debenture holder would have had an adequate remedy at law by reason of the acceleration clause. in the debentures, and could thus not enjoin the making of the loans and pledges with the consequence that he would have no equitable rights after the pledges and loans were made. The court also found that the negative pledge clause restricted pledges only in connection with funded indebtedness, or possibly also unfunded long-term borrowing, and that certain of the loans did not violate the 50 per cent. clause since the proceeds were used for renewal purposes.

The District Judge ruled against the appellees' plea to have the whole record brought up here. We denied a motion to require it. Appellees argue that the dismissal of the bill must be affirmed because the appellants have not brought up a complete record. They rely on Linde Air Products Co. v. Morse D. D. & R. Co., 246 F. 834 (C.C.A. 2), as establishing that an appeal in equity brings up the whole case and is to be decided on all the issues regardless of the reasons given by the trial

---

*Negative Pledge Clause:—"The Company hereby covenants and agreed with the holder hereof that so long as this debenture shall be outstanding and provision for the payment thereof shall not have been made, it will not mortgage or pledge any of its property unless the instrument creating such mortgage or pledge shall provide that this debenture shall be secured thereby equally and ratably with all other obligations issued or to be issued thereunder, except that the Corporation without so securing this debenture (a) may at any time mortgage or pledge any of its property for the purpose of securing loans to the Company contracted in the usual course of business for periods not exceeding one year, and (b) may in order to secure the purchase price or part thereof of any property which it may hereafter acquire, mortgage or pledge, any or all of such acquired property."

50% Clause:—"The Company covenants and agrees that so long as this debenture is outstanding * * * (b) it will not create or assume any additional indebtedness if as a result thereof its total indebtedness will exceed 50% of the then value of its assets. The value of its assets shall be the value determined by an accountant or firm of accountants who shall be selected by the Company and be approved by the Registrar."

court for its decision. Neither the Linde Case, nor Baxter v. McGee, 82 F.(2d) 695, 703 (C.C.A.8), nor Sun Co. v. Vinton Petroleum Co. (C.C.A.) 248 F. 623, require us to affirm or to dismiss this appeal. Appellants aver that the record was abbreviated to save complainants from needless expense and to spare this court the examination, in the first instance, of a voluminous record resulting from a seven weeks trial. They argue that if the decree is not supportable on the grounds assigned, the proper procedure is to have the trial judge make the findings which will then become relevant, and, if the parties so desire, have the entire record then brought here. There is no legal obstacle to our requiring that this procedure be followed. City of Owensboro v. Owensboro Waterworks Co., 191 U.S. 358, 24 S.Ct. 82, 48 L. Ed. 217; Marconi Wireless Telegraph Co. of America v. Simon, 246 U.S. 46, 38 S. Ct. 275, 62 L.Ed. 568; Gerdes v. Lustgarten, 266 U.S. 321, 45 S.Ct. 107, 69 L. Ed. 309. See Railroad Commission of California v. Los Angeles Ry. Corporation, 280 U.S. 145, 164, 50 S.Ct. 71, 74 L.Ed. 234.

From our study of the record now before us, we are of the opinion that the court below should pass upon the questions presented, (a) whether the loans were made in the ordinary course of business, and (b) whether the banks had knowledge of the restrictive covenants in the bond debentures.

The order entered will direct the District Court to make findings on these controverted issues. The parties will then be heard on all questions presented by the appeal.

Decrees reversed and remanded.