**In re DOCKINS.**

**BARCO v. DOCKINS.**

**No. 6882.**

Circuit Court of Appeals, Seventh Circuit.

Oct. 19, 1939.

G. B. Ussery, of Granite City, Ill., for appellant.

Raymond B. Hendricks and Saul E. Cohn, both of East St. Louis, Ill., for appellee.

Before EVANS, TREANOR, and KERNER, Circuit Judges.

EVANS, Circuit Judge.

Appellant, a creditor of the estate of the bankrupt, Dockins, filed objections to bankrupt's discharge of his debts, 11 U.S.C.A. § 32, when application was made therefor. He had not filed a claim in the bankruptcy proceedings, and the referee recommended that his objections be overruled, because of an absence of a sufficient interest in the estate to support objections to a discharge. The court thereupon overruled appellant's objections and granted bankrupt his discharge. The correctness of this ruling is the sole question before us.

The authorities are in accord in holding that a creditor of a bankrupt may oppose the latter's discharge, even though he has not filed his claim against the estate of said bankrupt.[1] The only statutes which bear in any way upon the question are Sections 1, 32, and 94, Title 11, U.S.C.A. They deal with discharge of bankrupts and objections to discharges. There is no requirement in any of them, that an objecting creditor must have filed his claim. In the absence of statutory requirement, it would seem that any creditor of a bankrupt has an interest sufficient to support opposition to a debtor's discharge.

The contention that the creditor named in the bankrupt's schedule is not the appellant, if of any significance, must be determined by the proof on the hearing.

The decree is reversed with directions to hear the evidence and determine bankrupt's right to a discharge.

[1] In re Ruhlman et al., 2 Cir., 279 F. 250; In re Ulrich, D.C., 18 F.Supp. 919, affirmed by 2 Cir., without opinion, 95 F.2d 1018; In re Barrager, D.C., 191 F. 247; In re Frice, D.C., 96 F. 611; In re Armstrong, D.C., 248 F. 292; In re Wolff, D.C., 11 F.2d 293; In re Bimberg, D.C., 121 F. 942; Remington on Bankruptcy, Sec. 3208; In re Nathanson, D.C., 155 F. 645; See also annotation No. 354, to Sec. 32, title 11 U.S.C.A. for older cases. In re Conroy, D.C., 134 F. 764.