## KLECKA v. SHUTTLES BROS. & LEWIS, Inc., et al.

### No. 9507.

Circuit Court of Appeals, Fifth Circuit.

Nov. 22, 1940.

John B. Atkinson, of Waco, Tex., for appellant.

Fred J. Dudley, of Dallas, Tex., for appellees.

Before FOSTER, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

The appellant was duly adjudged a bankrupt on his voluntary petition. This appeal is from an order of the district court denying his discharge on the ground that, for the purpose of obtaining credit, he made and published a materially false statement in writing respecting his financial condition.

It was clearly established that the bankrupt made the alleged false statements; that they were material; that they were made for the purpose of obtaining goods on credit; that goods were thereby obtained on credit to the prejudice of the creditors to whom the statements were made; and that the statements were known to be false by the appellant at the time they were made, or were made by him with reckless' indifference to the actual facts and with no reasonable grounds to believe them to be correct.

The appellant contends that, in his mind, he drew a distinction between debts due to strangers which were incurred in his business, and debts due to friends and relatives which were incurred beyond the scope of the business with reference to which the false statements were made and the merchandise obtained. The law recognizes no such distinction. A trader may not secretly so classify debts in his own mind in making financial statements.

The law required appellant to make a full and truthful disclosure, if he made any statement in writing on the subject; and even though his intentions were not criminal and his purpose was to pay for the goods obtained, if he made false and material statements, as alleged, for the purpose of obtaining goods on credit, and did so obtain goods on the faith of such false statements to the prejudice of his creditors, he is not entitled to be discharged in bankruptcy. The record shows that he did these things, and the court below committed no error in denying his petition for a discharge. Gerdes v. Lustgarten, 266 U.S. 321, 45 S.Ct. 107, 69 L.Ed. 309; Morimura, Arai & Co. v. Taback et al., 279 U.S. 24, 49 S.Ct. 212, 73 L.Ed. 586; In re Eastham, Jr., D.C., 51 F.2d 287, 18 A.B.R., N.S., 217; 11 U.S.C.A. § 32, sub. c.

The judgment of the district court is affirmed.