E. GRADY JOLLY, Circuit Judge:
Frederick Henry Vahlsing, Jr. appeals the decision of the district court upholding the bankruptcy court’s grant of summary judgment against him in a proceeding brought by Alice Vahlsing Stanley, his sister, in which she objected to Vahlsing’s discharge as a Chapter 7 debtor. Vahlsing contends that Stanley is not a creditor of his bankruptcy estate, and so lacks standing to raise an objection to his discharge. We hold that once Stanley’s claim was fully adjudicated in another court proceeding, her claim dismissed, and final judgment entered against her, she lost her creditor status and her ability to file objections to Vahlsing’s Chapter 7 discharge. Consequently, we remand this case to the bankruptcy court with orders to dismiss Stanley’s suit.
I
This case involves a family squabble, the details of which we will not discuss. The case is also complicated by numerous related proceedings in a variety of courts. We need not review all of these complications; instead, we will outline only those facts and proceedings that are directly relevant to our decision here.
In the spring of 1982, Vahlsing filed in the southern district of Texas his petition for voluntary bankruptcy under Chapter 7 of the Bankruptcy Code. Vahlsing listed Stanley, his sister, on his petition as an unsecured creditor. His description of the claim stated: “Claim for damages resulting from alleged failure to properly manage the estate of F.H. Vahlsing, Sr., deceased. The claim is unliquidated and disputed.” Under the heading “Amount of Claim,” Vahlsing listed “unknown.”
Stanley never filed a formal claim in the bankruptcy proceeding, but in January 1983, she filed a complaint requesting a denial of discharge to Vahlsing. In the complaint she alleged that Vahlsing owed her an unspecified, substantial sum of money “reasonably believed to be in excess of $7,000,000.” Stanley filed an amended complaint in April 1983. In both complaints, Stanley’s only stated claim against Vahlsing related to his alleged mismanagement of their father’s estate.
In June 1984, the bankruptcy judge issued an order lifting the automatic stay of 11 U.S.C. § 362 to allow Stanley to prosecute her claim against Vahlsing in Surrogate Court, Trenton, New Jersey.
On November 28, 1984, in the denial of discharge action in the bankruptcy court, Stanley moved for summary judgment against Vahlsing. Six days later, on December 4, a full evidentiary trial on her claim commenced in Trenton. That trial lasted until March 6, 1985, after which the trial judge, in dismissing Stanley’s claim, stated:
What puzzles me about this case is why we are even here____ We are litigating issues in a clearly insolvent estate____ Why did plaintiff wait so long to register the complaint now presented by exception to the account? I’ve heard no answer to this other than vindictiveness---- And did plaintiff then think the estate was worth the millions of dollars she now says it was? Hardly. She said in 1972 the estate was worthless.
The court also found that Vahlsing had acted in good faith in executing his father’s estate, had tried to carry out his father’s wishes, and had followed the advice of attorneys, accountants and IRS agents. Stanley did not appeal the New Jersey judgment.
Back in Texas, at a hearing in bankruptcy court held August 9, 1985, Stanley ar *567 gued her summary judgment motion which she had based on Vahlsing’s alleged failure to provide adequate records from which to determine Vahlsing’s financial status. Vahlsing stated several times that Stanley was not a creditor. The bankruptcy judge noted that Vahlsing had made the point several times, but at no point during the hearing did he hear the reasons supporting the argument that Stanley lacked creditor status or the relevance of her lack of such status. At the close of the hearing, the bankruptcy court granted Stanley’s motion for summary judgment and denied Vahlsing’s discharge.
Vahlsing appealed to the district court which affirmed the bankruptcy court. On the question of Stanley’s standing as a creditor, the district court stated:
Debtor further contends that PlaintiffAppellee lacked standing to oppose the Chapter Seven discharge, in that she was not a creditor. Only a creditor, trustee, or the United States trustee may oppose the granting of a Chapter Seven discharge. 11 U.S.C. § 727(c)(1). A creditor is one who has a claim against the debtor that arose at the time of or before the order for relief concerning the debt- or. 11 U.S.C. § 101(9)(A). Plaintiff-Appellee has such a claim. Moreover, Debt- or himself listed Plaintiff-Appellee as a creditor on his amendment to his Chapter Seven petition. Debtor’s contention must thus fail.
The district court denied Vahlsing’s request for a rehearing. Vahlsing then appealed to this court. Stanley has not filed a brief in this court, and so we decide this case without the benefit of her arguments.
Finding that Stanley did not have creditor status at the time of the hearing on her motion for summary judgment and thus lacked standing to prosecute her suit, we reverse the judgment of the district court and remand.
ll
The only issue we need to consider on appeal is whether Stanley had standing to institute the suit for denial of discharge against Vahlsing.[1]
Congress limited the groups allowed to object to a Chapter 7 discharge to trustees, creditors and United States trustees. 11 U.S.C. § 727(c)(1). The district court noted that Vahlsing had listed Stanley as a creditor on his original petition for Chapter 7 bankruptcy. Although such a listing does constitute prima facie evidence of a party’s interest in the case, Haley v. Pope, 206 F. 266 (9th Cir.1913); see also In re Barrager, 191 F. 247 (D.C. Iowa 1911), and a party who has not yet proved its claim has the right to oppose discharge, In re Dockins, 107 F.2d 33 (7th Cir.1939); In re Ruhlman, 279 F. 250 (2d Cir.1922); In re Wood, 283 F. 565 (D.C.N.H.1922), a party whose claim has been conclusively disproved cannot object to a debtor’s discharge. Only those creditors who have claims that will be affected by the discharge can file objections. In re Chandler, 138 F. 637 (7th Cir.1905). A discharge would affect the interests of creditors with disputed claims since they have a chance of prevailing on their claims. When, as in our case, however, a would-be creditor’s only claim has been finally dismissed, a discharge will not even potentially affect her interests. Thus, Stanley is not a creditor. She has no standing under the Bankruptcy Code to continue to pursue her adversary proceeding opposing Vahlsing’s discharge. Thus when Vahlsing, who was representing himself, attempted to raise Stanley’s lack of creditor standing, as he did in both the bankruptcy and district courts, the proceeding should have been dismissed.
*568 III
Although Stanley was correctly listed as a contingent creditor in Vahlsing’s bankruptcy petition, once the New Jersey Surrogate Court dismissed her claim, Stanley lost creditor status. Not being a creditor, Stanley did not have the right under 11 U.S.C. § 727(c)(1) to oppose Vahlsing’s discharge. Thus we remand this case to the district court with instructions to remand to the bankruptcy court which should dismiss Stanley’s complaint.[2]
REVERSED and REMANDED.

. In his brief, Vahlsing alleges numerous other defenses: the untimeliness of Stanley's objection to discharge; her failure to serve the original complaint on him and her improper certification of service; the failure of Stanley and the bankruptcy court to notify Vahlsing that the court would hear the summary judgment motion on August 9, 1985; that the period for which Stanley requested financial documentation was after he filed for bankruptcy and thus not relevant to the proceedings. Because of our decision on the standing issue, we need not consider the merits of any of these defenses.

. There is no evidence in the record that Stanley had any claim against Vahlsing except the disputed claim adjudicated against her by the New Jersey court.